PAUL R. BESSETTE (Bar No. 139675)
  *pbessette@kslaw.com*
MICHAEL J. BILES (Bar No. 186600)
  *mbiles@kslaw.com*
JOE AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERIT MEDICAL SYSTEMS, INC., FRED P. LAMPROPOULOS, and RAUL PARRA,<br><br>Defendants. | Case No. 8:19-cv-02326-DOC-ADS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**<br><br>Date:       May 11, 2020<br>Time:       8:30 a.m.<br>Place:       Courtroom 9D<br>Judge:      Hon. David O. Carter |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

**TO THE COURT AND DEFENDANTS AND THEIR ATTORNEYS**:

**PLEASE TAKE NOTICE** that, on May 11, 2020, at 8:30 a.m., or on such other date and time convenient to (and ordered by) the Court, in Courtroom 9D of the Ronald Reagan Federal Building, 411 West Fourth Street, Santa Ana, California, 92701, Defendants Merit Medical Systems, Inc., Fred P. Lampropoulos, and Raul Parra ("Defendants") will, and hereby do, move this Court pursuant to 28 U.S.C. § 1404(a) to transfer this action to the District of Utah.

This Motion is based on this Notice of Motion and the Memorandum of Points and Authorities attached herein; all matters of record in the Court's files; and such other evidence and written or oral argument as the Court may consider and direct the parties to submit.

This motion is made following conference of counsel pursuant to Local Rule 7-3, which took place on March 4, 2020 and March 13, 2020.

Dated: March 23, 2020                    **KING & SPALDING LLP**


                                         By: _/s/ Paul R. Bessette_
                                             PAUL R. BESSETTE
                                             MICHAEL J. BILES
                                             JOE AKROTIRIANAKIS
                                             Attorneys for Defendants
                                             MERIT MEDICAL SYSTEMS, INC.;
                                             FRED P. LAMPROPOULOS; and
                                             RAUL PARRA

# TABLE OF CONTENTS

I. INTRODUCTION ...............................................................................................1

II. BACKGROUND ...............................................................................................1

    A.     Merit and the Individual Defendants................................................1

    B.     Plaintiffs' Allegations ......................................................................1

III. LEGAL STANDARD........................................................................................2

IV. VENUE IS PROPER IN THE DISTRICT COURT OF UTAH. ...........................3

V. THE 1404(A) FACTORS STRONGLY FAVOR TRANSFER TO THE
    DISTRICT OF UTAH. ........................................................................................4

    A.     Contacts with the Forum .................................................................4

    B.     Convenience of Witnesses ...............................................................6

    C.     Ease of Access to Sources of Proof..................................................8

    D.     Plaintiffs' Choice of Forum..............................................................9

    E.     Other Factors ...................................................................................9

VI. CONCLUSION................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstar Mktg. Group, LLC v. Your Store Online, LLC*,
   666 F. Supp. 2d 1109 (C.D. Cal. 2009) .................................................................. 10

*In re AtheroGenics Sec. Litig.*,
   No. 05-00061, 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006) ................................... 3

*C.W. Crosser Constr., Inc. v. Com. Electric, Inc.*,
   No. SACV131233DOCDFMX, 2014 WL 12570681 (C.D. Cal. Jan.
   30, 2014) ................................................................................................................... 3

*Commodity Futures Trading Comm'n v. Savage*,
   611 F.2d 270 (9th Cir. 1979) .................................................................................... 3

*Cung Le v. Zuffa, LLC*,
   108 F. Supp. 3d 768 (N.D. Cal. 2015) ............................................................... 2, 6, 9

*Davis v. Social Service Coordinators, Inc.*,
   2013 WL 4483067 (E.D. Cal. Aug. 19, 2103) ......................................................... 3

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ................................................................................. 3, 4

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) .................................................................................... 9

*Park v. Dole Fresh Vegetables, Inc.*,
   964 F. Supp. 2d 1088 (N.D. Cal. 2013) ................................................................. 8, 9

*Roling v. E*Trade Securities, LLC*,
   756 F. Supp. 2d 1179 (N.D. Cal. 2010) .................................................................... 9

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) .................................................................................................. 2

*In re Yahoo! Inc.*,
   CV07-3125CAS(FMOX), 2008 WL 707405 (C.D. Cal. Mar. 10,
   2008) ......................................................................................................................... 5

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

**Statutes**

15 U.S.C. § 78aa ................................................................................................................3

28 U.S.C. § 1391(b)(2) .....................................................................................................3

28 U.S.C. § 1404(a) ................................................................................................. 1, 2, 4

Securities Exchange Act of 1934 Section 27..................................................................3

**Other Authorities**

Rule 10b-5.................................................................................................................... 1, 3

U.S. District Courts, *Combined Civil and Criminal Federal Court Management Statistics* (Sept. 30, 2019) .................................................................. 9, 10

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case is a purported securities class action alleging that Merit Medical Systems, Inc. ("Merit"), Fred P. Lampropoulos, and Raul Parra ("Defendants") violated federal securities laws, including Section 10(b) of the 1934 Act and Rule 10b-5. Plaintiffs filed their complaint on December 3, 2019. Dkt. 1. On February 24, 2020, this Court appointed City of Atlanta Police Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, the "Public Pension Funds") as Lead Plaintiffs. Dkt 41.

This case has minimal connection to the Central District of California. Merit is based in South Jordan, Utah. Defendants Lampropoulos and Parra are residents of Utah. All of the relevant witnesses and documents are located in Utah. The actions at issue in this case occurred in Utah. For the convenience of the parties and witnesses and in the interest of justice, Defendants respectfully request this Court transfer this action to the District of Utah under 28 U.S.C. § 1404(a).

## II.    BACKGROUND

### A.    Merit and the Individual Defendants

Merit is a manufacturer and marketer of proprietary disposable medical devices. Decl. of Ron Frost, ¶ 3. Merit was founded in 1987 by Fred P. Lampropoulos, among others, and Mr. Lampropoulos is still the Chairman and CEO of the Company. *Id*. ¶ 4. Raul Parra began working for Merit in 2009, and he has been CFO of the Company since July 2018. *Id*. The Company is headquartered in South Jordan, Utah, and both Mr. Lampropoulos and Mr. Parra work at the Utah headquarters and reside in Utah. *Id*. ¶ 3–4.

### B.    Plaintiffs' Allegations

Plaintiffs filed a purported securities class action against Merit, Mr. Lampropoulos, and Mr. Parra in the Central District of California. Plaintiffs allege

that the Defendants made materially false or misleading statements about the integration of certain acquisitions, the Company's product pipeline, and its prospects and financial guidance. Complaint, ¶ 8. In particular, the allegedly misleading statements concerned the integration of three companies Merit acquired in 2018: (1) certain product lines from Becton, Dickinson and Company; (2) Cianna Medical, Inc.; and (3) Vascular Insights, LLC. *Id.* ¶ 4. Plaintiffs assert that the putative class members suffered damages because they paid artificially inflated prices for Merit common stock, and they would not have bought Merit common stock at these prices had they known the truth. *Id.* ¶ 69.

### III.   <u>LEGAL STANDARD</u>

A court may transfer any civil action to any other district where the case might have been brought, if the transfer serves "the convenience of parties and witnesses, [and is in] the interests of justice." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). When determining whether transfer is appropriate, courts will first determine whether the action could have been brought in the district where transfer is sought. *Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 773 (N.D. Cal. 2015) (*citing Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985)). Then, assuming the transferee district is a viable one, the court will conduct an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen*, 376 U.S. at 622.

The Ninth Circuit has enumerated eight factors that the court should weigh when considering a transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Courts will also sometimes consider "the relative court congestion in the two forums." *Davis v. Social Service Coordinators, Inc.*, 2013 WL 4483067, at *2 (E.D. Cal. Aug. 19, 2103). The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). "While there is 'no per se rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered,' such transfers to the Issuer's home district are routine 'as a practical matter.'" *In re AtheroGenics Sec. Litig.*, No. 05-00061, 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006) (quoting *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) (collecting cases)).

## IV.    VENUE IS PROPER IN THE DISTRICT COURT OF UTAH.

This case could have been brought in the District of Utah. Venue is proper in any district "in which a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b)(2), and venue may be proper in more than one district. *See C.W. Crosser Constr., Inc. v. Com. Electric, Inc.*, No. SACV131233DOCDFMX, 2014 WL 12570681, at *4 (C.D. Cal. Jan. 30, 2014) ("[T]here may be more than one proper venue, provided that events material to the claims occurred in more than one district.").

This action is a federal securities fraud case, and venue is governed by Section 27 of the Securities Exchange Act of 1934. This section permits a plaintiff to bring a Section 10(b) claim in any district in which an "act or transaction constituting the violation has occurred" or "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Merit is headquartered in South Jordan, Utah and the entire business is centered around the Company's Utah operations. Decl. of Ron Frost, ¶ 3, 5. Both of the named Company executives in this action—Fred

Lampropoulos and Raul Parra—are also residents of Utah, and all the SEC filings, earnings calls, press releases, and business decisions originated out of Utah. *Id.* ¶ 5–6. Venue is thus proper in the District of Utah.

## V. THE 1404(A) FACTORS STRONGLY FAVOR TRANSFER TO THE DISTRICT OF UTAH.

"A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones*, 211 F.3d at 498. Because the factors laid out in *Jones* weigh strongly in favor of transfer or are neutral, this Court should transfer this case to the District of Utah.

### A. Contacts with the Forum

The *Jones* factors consider two different types of contacts with the forum: (1) the parties' contacts with the forum, and (2) the contacts relating to the plaintiff's cause of action in the chosen forum. Both factors strongly weigh in favor of transfer. First, neither of the parties have significant contacts with the Central District of California. Lead Plaintiffs are three public pension funds located in Atlanta, Georgia and Baton Rouge, Louisiana. Dkt. 41. None of the Public Pension Funds have significant contacts with the Central District of California.

Defendants are all residents of Utah and have no or minimal contacts with the Central District of California. Merit is headquartered in South Jordan, Utah and the entire business is centered around the Company's Utah operations. Decl. of Ron Frost, ¶ 3, 5. In particular, and relevant to this action, all the SEC filings, earnings calls, press releases, and business decisions originated out of Merit's headquarters in Utah. *Id.* ¶ 5–6. Additionally, both of the named Company executives in this action—Fred Lampropoulos and Raul Parra—are also residents of Utah. *Id.* ¶ 5.

Merit only has two small connections to the Central District of California, and neither is sufficient to overcome the significant contacts in the District of Utah. First, Merit has some sales employees who work from homes located in the Central District

of California, but Defendants do not anticipate that any of these employees would be relevant witnesses in this litigation. Decl. of Ron Frost, ¶ 9. Second, Merit acquired Cianna Medical, Inc.—a company previously headquartered in Aliso Viejo, California—in November 2018 and opted to continue running Cianna's office in Aliso Viejo, California. *Id.* ¶ 7–8. This facility currently employs 19 individuals, 13 of whom were employees at the time of the merger, and the majority of these employees are engineers focusing on research and development of a single product. *Id.* ¶ 8. In contrast, Merit has over 2,000 employees in its Utah headquarters, including all the executives and decision-makers of the Company. *Id.* ¶ 5. For these reasons, the parties' contacts in the District of Utah are far more substantial than those in the Central District of California, and this factor weighs strongly in favor of transfer.

The second of the two types of contacts relates to the alleged claims in this matter. Those contacts all originate in the District of Utah. This is a securities fraud case, and the claims are based on Defendants' alleged misrepresentations and omissions. Courts have repeatedly held that such claims "are deemed to occur in the district where they are transmitted or withheld, not where they are received." *In re Yahoo! Inc.*, CV07-3125CAS(FMOX), 2008 WL 707405, at *8 (C.D. Cal. Mar. 10, 2008) (quoting *In re Nematron Corp. Secs. Litig.*, 30 F.Supp.2d 397, 404 (S.D.N.Y. 1998)). Here, all Defendants' SEC filings, earnings calls, and press releases—which are the foundation of Plaintiffs' claims—originated in Merit's headquarters in Utah. Decl. of Ron Frost, ¶ 6. The fact that one of the Company's recent acquisitions was located in the Central District of California does not change this fact. Some of Plaintiffs' claims arise from alleged misstatements and omissions about the anticipated benefits of three separate acquisitions—Becton, Dickinson and Company (products acquired located in the Dominican Republic and Mexico), Cianna Medical, Inc. (located in Aliso Viejo, California), and Vascular Insights, LLC (located in Massachusetts). *Id.* ¶ 7. But even for the Cianna acquisition, the alleged misstatements and omissions took place from Merit's headquarters, not at the site of

the acquisition. *Id.* ¶ 6. For example, Plaintiffs allege that it was false and misleading when Merit's CEO made statements about the Cianna acquisition such as: "On the Cianna business, the integration I think is going as well as could be expected . . . ." Compl. ¶ 30. Mr. Lampropoulos made this statement, and the other alleged statements, from Merit's offices in Utah. *See* Decl. of Ron Frost, ¶ 6. Thus, the relevant contacts that relate to the alleged claims in this matter originate in the District of Utah.

Because neither party has significant contacts with the Central District of California, and because the Defendants have substantial contacts with the District of Utah, and because the contacts relating to the claims in this matter all originate in the District of Utah, both of these factors weigh heavily in favor of transfer to the District of Utah.

**B.    Convenience of Witnesses**

The convenience of the witnesses is often the most important factor that courts will consider when determining whether to transfer a case. *Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 778 (N.D. Cal. 2015). Here, the convenience of the witnesses strongly weighs in favor of transferring the case to the District of Utah. As noted *supra*, there are only 19 employees in the Central District of California that are related to the Cianna acquisition, and of these 19 employees, none of them made any of the alleged misstatements and omissions at issue in this case, nor do they have any critical knowledge relevant to the facts underlying the alleged misstatements and omissions. Decl. of Ron Frost, ¶ 8. All the relevant facts about the alleged misstatements and omissions related to the Cianna acquisition and the other business matters underlying Plaintiffs' allegations will be best obtained from the directors, officers, and executive team located in the District of Utah. *See id.* ¶ 5. Defendants expect the following party and non-party witnesses located in the District of Utah to be relevant witnesses in the litigation of this securities class action:

//

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

| Name | Title | Residence | Description of Potential Testimony |
|---|---|---|---|
| Raul Parra | Chief Financial Officer | Utah | Accounting information about forecasts and success of integrations. |
| Fred Lampropoulos | CEO | Utah | Alleged misstatements and omissions. |
| Mike Balle | Chief of Accounting | Utah | Accounting information about forecasts and success of integrations. |
| Patrick McCarty | VP, Corporate Finance | Utah | Accounting information about forecasts and success of integrations. |
| Justin Lampropoulos | EVP, Global Sales Marketing & Strategy | Utah | Information about forecasting sales and success of integrations. |
| Todd Freese | Senior Vice President, US | Chicago | Information about forecasting sales and success of integrations. |
| Ron Frost | COO | Utah | Information about operations and transferring of operations to Merit's control post-acquisitions. |
| Chris Durham | Executive VP, Acquisition and Product Integration ("Officer in Charge" for one or more of the acquisitions) | Utah | Acquisition integration. |
| Greg Fredde | Executive Vice President, Business Development | Utah | Information about pre-acquisition projections and negotiations. |

Decl. of Ron Frost, ¶ 10.

In contrast, Defendants do not expect anyone residing in the Central District of California to be necessary to this litigation. Even if integration of the Cianna acquisition became central to the litigation, Defendants expect that all the relevant information about the integration to be best answered by the directors, officers, and executives in Utah. *See id.* Indeed, even the Officer in Charge of the Cianna

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

acquisition is a Utah resident who commuted to Aliso Viejo weekly. *Id.* While there are current and previous employees who were previously employed by Cianna who may have some knowledge of the acquisition and integration, not all of these individuals are currently located in Central District of California.[1]  Defendants do not believe these witnesses are likely to be material to the litigation, and they would only have knowledge of one of the three alleged acquisitions.  Because all the potential witnesses in this matter reside in the District of Utah and will be inconvenienced if the matter remains in Central District of California, this factor also weighs heavily in favor of transfer.

### C.   Ease of Access to Sources of Proof

Almost all relevant documents in this case are located in hard copy or electronically at Merit's headquarters in South Jordan, Utah.  Decl. of Ron Frost, ¶ 11.  All of the Company's corporate books and records and documents relating to its financial reporting are located at the Company's headquarters in South Jordan, Utah. *Id.*  Plaintiffs' only alleged connection to the Central District of California is Merit's acquisition of Cianna Medical, but most relevant evidence about the acquisition and the subsequent integration of Cianna Medical into the broader Company will be located at Merit's headquarters in Utah. *See id.*  Even though many of the relevant records may be stored electronically, the fact that the servers and electronic documents are located in Utah still favors transfer. *See Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) ("Although developments in electronic conveyance have reduced the cost of document transfer somewhat, costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored. Thus, this factor weighs in favor of transfer as well.").

/ /

---

[1] For example, Defendants know that Jill Anderson, the former CEO of Cianna Medical currently resides in Nevada.  Decl. of Ron Frost, ¶ 8.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

### D.     Plaintiffs' Choice of Forum

Plaintiffs' choice of forum is typically afforded considerable weight, but the Ninth Circuit has held that when the matter is a class action, the "plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside in the district." *Roling v. E*Trade Securities, LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010). Here, the Lead Plaintiffs do not reside in the district, seek to certify a nationwide class, and filed the case where very few of the operative facts occurred. In such circumstances, Plaintiffs' choice of forum should be given little weight. *See Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 779 (N.D. Cal. 2015) (granting defendant's motion to transfer in part because the plaintiff filed a purported class action "in a district where very few of the operative facts occurred").

### E.     Other Factors

The remaining factors either weigh in favor of transfer, or are, at worst, neutral. The costs of litigation weigh in favor of transfer because "litigation costs are reduced when venue is located near the most witnesses expected to testify." *Park*, 964 F. Supp. at 1095. As discussed, *supra*, most, if not all, of the relevant witnesses in this matter are located in Utah, and thus, the litigation costs would be reduced if this matter was transferred to Utah.

Docket congestion also weighs in favor of transfer because less cases are filed annually in the District of Utah than in the Central District of California. In the 12-month period ending September 30, 2019, there were nearly 18,000 filings in the Central District of California, which is approximately 650 actions per judgeship. U.S. District Courts, *Combined Civil and Criminal Federal Court Management Statistics*, (Sept. 30, 2019), available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2019/09/30-3. In contrast, in this same 12-month period, there were only about 2,300 filings in the District of Utah, which is approximately 450

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

actions per judgeship.  *Id.*    To the extent that the Court does consider docket congestion as a factor, it weighs in favor of transfer to Utah.  *See Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1134 (C.D. Cal. 2009) (noting that "[a]dministrative considerations such as docket congestion are given little weight in this circuit") (citing *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir. 1984)).

The factor of which state is more familiar with the governing law is neutral because this case only includes federal law.  The federal district courts in California and Utah are equally capable of interpreting and applying federal securities laws. Finally, there are no relevant agreements at issue in this matter, so that factor is not relevant here.

## VI.    CONCLUSION

The parties' contacts with the forum, the contacts relating to the claims in this case, and the convenience of the witnesses all weigh heavily in favor of transfer. The litigation costs, the availability of proof, and docket congestion also weigh in favor of transfer.    Additionally, Plaintiffs' choice of forum should be given little weight because this action is a purported nationwide class action where the Lead Plaintiffs do not have any connection to the Central District of California.  The remaining factors do not apply or are neutral.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

After a careful consideration of these factors, Defendants respectfully request this Court find that transferring this case to the District of Utah is in the interest of justice, would result in the "convenience of parties and witnesses" and use its discretion to transfer this case.

Dated:  March 23, 2020

**KING & SPALDING LLP**

By:  */s/ Paul R. Bessette*
PAUL R. BESSETTE
MICHAEL J. BILES
JOE AKROTIRIANAKIS
Attorneys for Defendants
MERIT MEDICAL SYSTEMS, INC.;
FRED P. LAMPROPOULOS; and
RAUL PARRA

DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE