**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02326-DOC-ADS                    Date:  May 11, 2020

Title: IN RE MERIT MEDICAL SYSTEMS, INC. SECURITIES LITIGATION

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  Kelly Davis  |  Not Present  |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER DENYING MOTION TO**
**TRANSFER VENUE TO THE**
**DISTRICT OF UTAH [44]**

Before the Court are Defendants Merit Medical Systems, Inc. ("Merit"), Fred P. Lampropoulos, and Raul Parra (collectively, "Defendants") and Plaintiffs Bucks County Employees Retirement Fund et. al. ("Bucks"). Defendants seek transfer of venue under 28 U.S.C. § 1404(a). *See generally* Motion to Transfer Venue ("Motion") (Dkt. 44). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court **DENIES** the Motion.

**I.     Background**

Plaintiffs' action (the "Action") arises out of alleged violations of the Securities Exchange Act of 1934 ("the Act"). Compl. (Dkt. 1) ¶ 1. Plaintiffs allege Defendants' representations concerning the integration of the acquired companies, its product pipeline, and its prospects and financial guidance, were materially false and misleading when made because Defendants failed to disclose material facts known or recklessly disregarded by them. *See generally Id.* As a result of these misrepresentations, Merit stock traded at artificially inflated prices. *Id.* at ¶ 9. Plaintiffs purchased merit common stock and were thereby damaged. *Id.* ¶ 19.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02326-DOC-ADS                                      Date: May 11, 2020
                                                                    Page 2

### A.        Procedural History

On December 3, 2019, Plaintiffs filed the complaint (Dkt. 1). Defendants filed the instant Motion on March 23, 2020 (Dkt. 44). Plaintiffs opposed the Motion on April 13, 2020 ("Opp'n") (Dkt. 45), and Defendants filed a Reply on April 27, 2020 (Dkt. 47).

## II.     Legal Standard

Defendants request a transfer of venue pursuant to 28 U.S.C. § 1404(a). "For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28. U.S.C. § 1404(a). Further, district courts have discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (citation omitted). The grant or denial of transfer involves a two-step process.

"First, the defendant must establish that the matter might have been brought in the district to which transfer is sought." *Metz v. U.S. Life Ins. Co. in the City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). This requires demonstrating "that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district court to which transfer is sought." *Id.* Second, courts must "weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Id.* "[A] court must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Normally, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors . . . weigh heavily in favor of venue elsewhere." *Metz*, 674 F. Supp. 2d at 1146 (quoting *Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP AJWX, 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006)).

## III.    Discussion

As analyzed below, the Court finds that (A) this Action could have been brought in the District of Utah, (B) the convenience and justice factors do not weigh in favor of transfer, and, on balance, (C) the convenience and justice factors do not outweigh any deference afforded to Plaintiffs' choice of litigating this Action in the Central District of California.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02326-DOC-ADS                                            Date: May 11, 2020
                                                                                                        Page 3

### A. Whether Suit Might Have Been Brought in the District of Utah

Transfer is only appropriate to a district where personal jurisdiction, subject matter jurisdiction, and proper venue are maintained. *Metz*, 674 F. Supp. 2d at 1145. Defendants argue that this case could have been brought in the District of Utah. Mot. at 3–4. Plaintiffs do not challenge this assertion. Reply at 1. Thus, the Court finds that this Action could have been brought in the District of Utah.

### B. The Convenience of the Parties and the Interest of Justice

While there is no definitive list in the Ninth Circuit, courts commonly consider the following non-exhaustive factors in determining the convenience of the parties and the interest of justice:

(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *see also Jones*, 211 F.3d at 498–99. Each factor will be analyzed in turn.

### 1. Plaintiff's Choice of Forum

Plaintiffs allege that their choice of forum weighs against transfer because there is a strong presumption in favor of the plaintiffs' choice of forum and "[t]his deference is heightened in cases brought under the Exchange Act." Opp'n at 8. Defendants argue that in a class action, such as this Action, the Ninth Circuit gives the plaintiff's choice of forum less weight when lead Plaintiffs do not reside in the district. Mot. at 9. Finally, Defendants argue that the alleged misstatements and omissions occurred in Utah. *Id.*; Reply at 3.

Although the plaintiff's choice of forum is ordinarily given great deference, this choice is entitled to less deference if the defendant establishes one or more of the following factors:

(1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02326-DOC-ADS                                      Date: May 11, 2020
                                                                                                        Page 4

*Metz*, 674 F. Supp. 2d at 1146 (quoting *Catch Curve, Inc.*, 2006 WL 4568799 at *4); *see also Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (holding that plaintiff's choice of forum is not entitled to deference "when plaintiffs do not reside in the district, the operative facts have not occurred within the forum, the forum has no particular interest in the action, and plaintiffs are seeking to bring a class action"). Further, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (internal citations omitted).

Plaintiffs' choice of forum is entitled to less deference here. First, as Defendants point out, the alleged material misstatements occurred in Utah. Furthermore, Plaintiffs do not reside in the district, and the potential nationwide class presumably includes class members throughout the United States. Thus, the Court finds that Plaintiffs' choice to litigate in the Central District of California is entitled to less deference in the transfer analysis.

### 2. Convenience of the Parties

Defendants are residents of Utah. Mot. at 4. Merit is headquartered in South Jordan, Utah, and any SEC filings, earnings calls, press releases, and business decisions originated out of the headquarters. *Id.* Defendants contend that their ties to the Central District are minimal. First, Merit employs sales employees who work from home in the Central District of California and who are not anticipated to be relevant witnesses in this action. Second, Merit has 19 employees at Cianna, a company that Merit acquired that is headquartered in Aliso Viejo, California. *Id.* In contrast, Merit has over 2,000 employees in Utah, including the company's executives and decision-makers. *Id.* Finally, Plaintiffs' allegations center around statements that were made in Utah. *Id.* Thus, Defendants argue that it would be more convenient to litigate in Utah.

Plaintiffs argue that Defendants have not shown that litigating in the Central District of California is *inconvenient*. Opp'n at 11. It is not enough, they argue, that Utah is simply more convenient. *Id.* For example, Plaintiffs point out that "[t]he flight from Merit's headquarters on the outskirts of Salt Lake city to this District is only about an hour and forty-five minutes." *Id.* at 12. Furthermore, Defendant Lampropoulos owns a home in Newport Beach, and Merit executives have previously traveled extensively to Orange County while working on the Cianna acquisition. *Id.*

It is Defendants' burden to show that convenience "weigh[s] heavily in favor of venue elsewhere." *Metz*, 674 F. Supp. 2d at 114. Though the alleged misstatements or omissions at issue may have occurred in Utah, Defendants have not shown that the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02326-DOC-ADS                                    Date: May 11, 2020
                                                                              Page 5

convenience of litigating in Utah is of such a magnitude that it weighs heavily in favor of transfer. Furthermore, Defendants have made no showing that it would be unfair to litigate in the Central District of California—Plaintiffs' choice of forum and a location where Defendants do business—which is only a short flight away from Salt Lake City, Utah. Accordingly, the Court finds that this factor is neutral.

### 3.   Convenience of the Witnesses and Ease of Access to Evidence

Convenience of the witnesses "is often the most important factor in a § 1404(a) transfer motion." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195 (S.D. Cal. 2007) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981)). However, "[t]ransfer is inappropriate where it 'would merely shift rather than eliminate the inconvenience.'" *Costco Wholesale Corp.*, 472 F. Supp. 2d at 1195 (quoting *Decker Coal*, 805 F.2d at 843). The moving party, in establishing inconvenience to witnesses, "must name the witness, state their location, and explain their testimony and its relevance." *Id.* at 1193 (citing *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001); and *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001)). The Court "consider[s] not simply how many witnesses each side has and the location of each, but also the importance of the witnesses." *Id.* (citations omitted).

Defendants identify the following witnesses: Raul Parra, CFO based in Utah; Fred Lampropoulos, CEO based in Utah; Mike Balle, Chief of Accounting based in Utah, Patrick McCarty, VP based in Utah, Justin Lampropoulos, EVP based in Utah, Todd Freese, SVP based in Chicago, Ron Frost, COO based in Utah, Chris Durham, EVP based in Utah, Gregg Fredde, EVP based in Utah. Mot at 7. Defendants "do not expect anyone residing in the Central District of California to be necessary to this litigation." *Id.* Defendants further contend that the relevant documents to this case are located in Utah. *Id.*

Plaintiffs argue that *non-party* testimony is the most important witness convenience consideration. Opp'n at 19. Here, Plaintiffs argue that "Defendants' misstatements at issue concern in significant part the acquisition, integration and performance of the Cianna business," and the majority of those employees are not longer with the company. *Id.* These non-party witnesses are relevant to the falsity of the misstatements that the Defendants allegedly made. *Id.* at 20. Plaintiffs identify the following witnesses: Gordon Busenbark, former Cianna CFO based in Irvine, Diana Smith, former director of HR based in Mission Viejo, Tamara McArthur, former senior accountant residing in Orange, Brian Aukshunas, former controller based in Irvine, Mike Numamoto, former VP based in Irvine, Linda Lechner, former VP based in San Jose, Erik Purcell, former regional director based in Sacramento, and Danny Lira, former sales manager based in San Jose. *Id.* at 21.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02326-DOC-ADS                                    Date: May 11, 2020
                                                                           Page 6

The convenience of the witnesses and ease of access to evidence weighs against transfer. Although most, if not all, potential critical *current* employees reside in Utah, the Court is persuaded that not all witnesses reside in Utah. In fact, many *non-party* witnesses may reside in this District. Further, access to evidence in this action is not a key factor to consider given the ease of digital exchange of evidence. Again, it is Defendants' burden to show that the convenience weighs heavily in favor of transfer. Where, as here, many non-party witnesses who are not subject to subpoena power in Utah reside in this district, the factor weighs against transfer.

Thus, the Court finds that the convenience of the witnesses and ease of access to the evidence weigh against transfer.

### 4. Familiarity with Law; Consolidation of Cases

These factors are neutral or inapplicable. Thus, the Court finds that familiarity of the law and consolidation of cases are not factors that weigh for or against a transfer.

### 5. Local Interest in the Controversy

Neither party provides argument on this factor. Thus, the Court finds that local interest in the controversy does not weigh for or against a transfer.

### 6. Relative Court Congestion in Each Forum

The Court finds that this factor merits little discussion because the remaining factors do not weigh heavily in favor of transfer. And, as a general matter, courts have found that relative docket congestion "is at best, a minor factor in the section 1404 calculus." *Pravetz v. Fed. Ret. Thrift Inv. Bd.*, No. ED CV 18-1081 FMO (SKx), 2018 U.S. Dist. LEXIS 225385, at *11 (C.D. Cal. Dec. 18, 2018) (quoting *Geo. F. Martin Co. v. Royal Ins. Co. of Am.*, No. C 03-5859 SI, 2004 U.S. Dist. LEXIS 8927, at *6 (N.D. Cal. May 14, 2004)).

### C. Balancing Plaintiff's Choice, Interest, and Justice

As analyzed above, Plaintiffs' choice of forum is given less weight in the analysis because this is a class action and lead Plaintiffs do not reside in the forum. However, it is Defendants burden to show that convenience weighs heavily in favor of transfer. Defendants did not meet that burden.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-02326-DOC-ADS                                    Date: May 11, 2020
                                                                                              Page 7

## IV.     Disposition

For the reasons stated above, the Court **DENIES** Defendants' Motion to Transfer Venue to the District of Utah.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                              Initials of Deputy Clerk:
CIVIL-GEN                                                                                    kd