Paul R. Bessette (Bar No. 139675)
pbessette@kslaw.com
Michael J. Biles (Bar No. 186600)
mbiles@kslaw.com
Joseph N. Akrotirianakis (Bar No. 197971)
jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4355

S. Saliya Subasinghe (*pro hac vice*)
ssubasinghe@kslaw.com
KING & SPALDING LLP
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2000

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE MERIT MEDICAL SYSTEMS, INC. SECURITIES LITIGATION | Case No. 8:19-cv-02326-DOC-ADS<br>*[Honorable David O. Carter]*<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Merit Medical Systems, Inc. ("Merit"), Fred P. Lampropoulos, and Raul Parra (collectively, "Defendants") answer Plaintiffs Consolidated Class Action Complaint ("CAC") (Dkt. No. 53) as follows. Defendants deny all allegations that are not expressly admitted as set forth below.[1] Defendants reserve the right to seek to amend or supplement their Answer as may be necessary and appropriate.

The first unnumbered and untitled paragraph on page 1 of the CAC sets forth legal conclusions for which no answer is required. To the extent an answer is required, the Defendants deny the allegations in this paragraph.

The second unnumbered and untitled paragraph beginning on page 1 of the CAC sets forth legal conclusions for which no answer is required. To the extent an answer is required, Defendants are presently without knowledge sufficient to form a belief as to the truth or falsity of the allegations in that paragraph, and therefore deny them.

## RESPONSES TO SPECIFIC ALLEGATIONS

1. Defendants admit that Merit is a medical-device company and that it acquired Cianna (a manufacturer of medical products for the treatment of breast cancer) and Vascular Insights' ClariVein product line (used for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins)). To the extent the allegations in Paragraph 1 purport to describe and/or characterize the state-of-mind of third parties, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. To the extent the remaining allegations in Paragraph 1 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that

---

[1] Defendants also deny all titles, headings, footnotes, subheadings, and any other material not contained in a numbered paragraph. When a document (or statements, conclusions or other material references therefore) is referenced in this Answer, it speaks for itself. That is, when Defendants respond to an allegation by stating that they refer to a document, that document itself is the best evidence of its contents, and Defendants deny any allegations or characterizations based on the document. Defendants reserve all rights regarding the existence, authenticity, accuracy, and admissibility of such documents.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 1.

2.      Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 2 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 2.

3.      Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 3 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 3.

4.      Defendants admit that one Cianna sales representative resigned or was terminated on or about January 18, 2019, that one Cianna sales representative resigned or was terminated on or about March 29, 2019, that one Cianna sales representative resigned or was terminated on or about April 5, 2019 and that one Cianna sales representative resigned or was terminated on or about January 18, 2019. To the extent the allegations in Paragraph 4 purport to describe and/or characterize statements made by "former employees," Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. To the extent the remaining allegations in Paragraph 4 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's

2

public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 4.

5.    Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line prior to the purported class period. To the extent the remaining allegations in Paragraph 5 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent the allegations in Paragraph 5 purport to describe and/or characterize statements made by "former employees," Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. To the extent the remaining allegations in Paragraph 5 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny any remaining allegations in Paragraph 5.

6.    Defendants admit that there were electronic displays hung outside the Individual Defendants' offices on the third floor of Merit's headquarters. Defendants admit that these electronic displays streamed sales data for Merit's products. Defendants admit that Lampropoulos and Parra occasionally asked for and received reports containing information synthesized from Merit's internal systems.    Defendants admit that Lampropoulos and Parra could access Merit's sales data on their electronic devices.  To the extent the allegations in Paragraph 6 purport to describe and/or characterize statements made by unnamed "witnesses," Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny any remaining allegations in Paragraph 6.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

7.     Defendants admit that Merit had approximately $3.3 million in revenue from the sale of ClariVein products in the first 6-months of 2019. To the extent the allegations in Paragraph 7 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent Plaintiffs purport to describe the price of Merit's stock on a certain date, it is a matter of public record. Defendants deny that the allegations in Paragraph 7 accurately and completely describe the factors affecting stock price movements described therein and otherwise deny the allegations in Paragraph 7.

8.     Defendants deny the allegations in Paragraph 8.

9.     Defendants admit that Lampropoulos sold: 40,000 shares of Merit stock on or about August 15, 2019 at approximately $36.67 to $37.11 per share; and 150,000 shares of Merit stock on or about September 6, 2019 at approximately $30.55 to $31.13 per share. Defendants also admit that Lampropoulos' wife sold 11,817 shares of Merit stock on or about September 6, 2019 at approximately $30.23 to $30.63 per share. Defendants also admit that Lampropoulos did not sell Merit stock in the open market between February 26, 2016 and February 26, 2019. Defendants further admit that Lampropoulos sold approximately 3,125 shares of Merit stock in 2015, in the open market. To the extent the allegations in Paragraph 9 purport to describe and/or characterize statements made by a third-party analyst, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 9.

10.     To the extent the allegations in Paragraph 10 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent Plaintiffs purport to describe the price of Merit's stock on a certain date, it is a matter of public record. Defendants deny that the allegations in Paragraph 10 accurately and

4

completely describe the factors affecting stock price movements described therein and otherwise deny the allegations in Paragraph 10.

11. To the extent the allegations in Paragraph 11 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. The allegations in Paragraph 13 consist of legal conclusions as to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 consist of legal conclusions as to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 14.

15. The allegations in Paragraph 15 consist of legal conclusions as to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 15.

16. The allegations in Paragraph 16 consist of legal conclusions as to which no response is required. To the extent a response may be deemed to be required, Defendants deny the allegations in Paragraph 16.

17. Defendants admit that the Court appointed Plaintiffs City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees Retirement System of the City of Baton Rouge and Parish of East Baton Rouge as Lead Plaintiffs in the above-captioned action. Defendants deny that City of Atlanta Police Officers' Pension Fund was damaged by any conduct by Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17.

18.    Defendants admit that the Court appointed Plaintiffs City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees Retirement System of the City of Baton Rouge and Parish of East Baton Rouge as Lead Plaintiffs in the above-captioned action. Defendants deny that City of Atlanta Firefighters' Pension Fund was damaged by any conduct by Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18.

19.    Defendants admit that the Court appointed Plaintiffs City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees Retirement System of the City of Baton Rouge and Parish of East Baton Rouge as Lead Plaintiffs in the above-captioned action. Defendants deny that Employees Retirement System of the City of Baton Rouge and Parish of East Baton Rouge was damaged by any conduct by Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19.

20.    Defendants admit that the Court appointed Plaintiffs City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees Retirement System of the City of Baton Rouge and Parish of East Baton Rouge as Lead Plaintiffs in the above-captioned action.

21.    Defendants admit that it is a manufacturer and marketer of proprietary disposable medical devices used in interventional, diagnostic and therapeutic procedures, including syringes, inflation devices, and wires for use in non-surgical procedures.   Merit further admits that its common stock trades on the NASDAQ stock exchange under the symbol "MMSI." Defendants deny any remaining allegations in Paragraph 21.

22.    Defendants admit that Lampropoulos was one of the founders of Merit and that he is also Merit's chairman and chief executive officer. Defendants also admit that Lampropoulos signed and certified Merit's Form 10-Qs and 10-Ks filed with the SEC in 2019. Defendants further admit that Lampropoulos made public statements about Merit's business in 2019, including oral statements made during earnings calls with analysts in 2019.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

To the extent the allegations in Paragraph 22 purport to describe and/or characterize Lampropoulos' public statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements and transcripts of earnings calls for their complete and accurate contents. Defendants deny the remaining allegations in Paragraph 22.

23.    Defendants admit that Parra has been Merit's chief financial officer since May 29, 2018. Defendants also admit that Parra signed and certified Merit's Form 10-Qs and 10-Ks filed with the SEC in 2019. Defendants further admit that Parra made public statements about Merit's business in 2019, including oral statements made during earnings calls with analysts in 2019. To the extent the allegations in Paragraph 23 purport to describe and/or characterize Parra's public statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements and transcripts of earnings calls for their complete and accurate contents. Defendants deny the remaining allegations in Paragraph 23.

24.    The first sentence in Paragraph 24 consists of Plaintiffs' definition of terminology as to which no response is required. Defendants admit that Lampropoulos and Parra were executive officers of Merit.  To the extent the allegations in the second sentence of Paragraph 24 consist of legal conclusions, no response is required. To the extent a response may be deemed to be required, Defendants deny these allegations. Defendants deny the remaining allegations in Paragraph 24.

25.    Defendants admit that Merit was founded in 1987 and that it had an annual revenue of approximately $480 in 1987. Defendants also admit that Lampropoulos had been employed by Dean Witter prior to co-founding Merit. Defendants further admit that Merit has grown since its founding by employing a variety of strategies, including growing its business by acquiring other companies. To the extent the remaining allegations in Paragraph 25 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 25.

26. Defendants admit that Merit acquired 12 companies or product lines in 2018 and 2019. To the extent the allegations in Paragraph 26 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 26.

27. Defendants admit that Merit reported year-on-year revenue growth of approximately 6.3% in 2015, 11.4% in 2016, 20.5% in 2017, 21.3% in 2018, and 12.7% in 2019. To the extent the allegations in Paragraph 27 purport to describe and/or characterize thoughts or motivations of third-parties, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. To the extent Plaintiffs purport to describe the price of Merit's stock on a certain date, it is a matter of public record. Defendants deny that the allegations in Paragraph 27 accurately and completely describe the factors affecting stock price movements described therein and otherwise deny the allegations in Paragraph 27.

28. To the extent the allegations in Paragraph 28 purport to describe and/or characterize thoughts or motivations of third-parties, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 28.

29. Defendants admit that Merit acquired DFINE in 2016 and that some members of DFINE's sales team ended their employment with Merit after the acquisition. To the extent the allegations in Paragraph 29 purport to describe and/or characterize Merit's public statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements and transcripts of earnings calls for their complete and accurate contents. To the extent the

allegations in Paragraph 29 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 29.

30. To the extent the allegations in Paragraph 30 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 30.

31. Defendants admit that Merit conducted careful due diligence before acquiring a company. To the extent the allegations in Paragraph 31 purport to describe and/or characterize Merit's public statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements and transcripts of earnings calls for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 31.

32. To the extent the allegations in Paragraph 32 purport to describe and/or characterize Merit's public statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements and transcripts of earnings calls for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 32.

33. To the extent the allegations in Paragraph 33 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 33.

34. Defendants admit that Merit has acquired companies that created products such as syringes, inflation devices, and wires. To the extent the allegations in Paragraph 34 purport to describe and/or characterize Merit's public statements, Defendants deny that

9

Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements and transcripts of earnings calls for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 34.

35.     Defendants admit that therapeutic medical devices can be more complex than medical accessory products. Defendants admit that therapeutic medical devices include pacemakers, implantable loop recorders, glucose monitoring systems, and hemodialysis machines. Defendants admit that the global therapeutic medical device market is in the billions. Defendants admit that entering the therapeutic medical device market provided Merit an opportunity to expand. Defendants admit that therapeutic medical device market is competitive. Defendants otherwise deny the allegations in Paragraph 35.

36.     Defendants admit that Merit acquired Cianna and that Cianna sold a therapeutic medical device, SCOUT, for treating breast cancer. Defendants admit that SCOUT was a wire-free breast tumor radar localization system that helped surgeons identify cancerous tissue during lumpectomies and biopsies. Defendants admit that Cianna had approximately 19 salespeople prior to its acquisition by Merit. Defendants otherwise deny the allegations in Paragraph 36.

37.     Defendants admit that Merit made public statements about the acquisition of Cianna prior to the purported class period.  To the extent the remaining allegations in Paragraph 37 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 37.

38.     Defendants admit that Merit held a conference call with analysts on or about October 1, 2018 and that Merit made public statements about the acquisition of Cianna during this conference call.  To the extent the remaining allegations in Paragraph 38 purport to describe and/or characterize Merit's statements and disclosures made during this conference call, Defendants deny that Plaintiffs have accurately and completely

10

characterized them and refer the Court to the transcript of this conference call for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 38.

39. Defendants admit that Merit held a conference call with analysts on or about October 1, 2018 and that Merit made public statements about the acquisition of Cianna during this conference call. To the extent the remaining allegations in Paragraph 39 purport to describe and/or characterize Merit's statements and disclosures made during this conference call, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the transcript of this conference call for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 39.

40. Defendants admit that Merit held a conference call with analysts on or about October 1, 2018 and that Merit made public statements about the acquisition of Cianna during this conference call. To the extent the remaining allegations in Paragraph 40 purport to describe and/or characterize Merit's statements and disclosures made during this conference call, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the transcript of this conference call for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 40.

41. To the extent the allegations in Paragraph 41 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 41.

42. To the extent the allegations in Paragraph 42 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 42.

43. To the extent the allegations in Paragraph 43 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 43.

44. Defendants admit that Merit made public statements about the acquisition of Cianna prior to the purported class period. To the extent the remaining allegations in Paragraph 44 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 44.

45. Defendants admit that Merit made public statements about the acquisition of Cianna prior to the purported class period. To the extent the remaining allegations in Paragraph 45 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 45.

46. Defendants admit that, on or about November 13, 2018, Merit issued a press release regarding the Cianna acquisition. To the extent the allegations in Paragraph 46 purport to describe and/or characterize Merit's November 13, 2018 press release, Defendants deny that Plaintiffs have accurately and completely characterized this press release and refer the Court to this press release for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 46.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

47. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line prior to the purported class period. To the extent the remaining allegations in Paragraph 47 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 47.

48. Defendants admit that, on or about December 17, 2018, Merit issued a press release regarding the acquisition of ClariVein from Vascular Insights. To the extent the allegations in Paragraph 48 purport to describe and/or characterize Merit's December 17, 2018 press release, Defendants deny that Plaintiffs have accurately and completely characterized this press release and refer the Court to this press release for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 48.

49. To the extent the allegations in Paragraph 49 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 49.

50. To the extent the allegations in Paragraph 50 purport to describe and/or characterize thoughts or motivations of third-parties, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 50.

51. Defendants admit that, on or about February 26, 2019, Merit held an earnings call with analysts. To the extent the allegations in Paragraph 51 purport to describe and/or characterize Merit's February 26, 2019 earnings call, Defendants deny that Plaintiffs have accurately and completely characterized this earnings call and refer the Court to the

transcript of this earnings call for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants admit that, on or about February 26, 2019, Merit held an earnings call with analysts. To the extent the allegations in Paragraph 52 purport to describe and/or characterize Merit's February 26, 2019 earnings call, Defendants deny that Plaintiffs have accurately and completely characterized this earnings call and refer the Court to the transcript of this earnings call for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants admit that, on or about February 26, 2019, Merit held an earnings call with analysts. To the extent the allegations in Paragraph 53 purport to describe and/or characterize Merit's February 26, 2019 earnings call, Defendants deny that Plaintiffs have accurately and completely characterized this earnings call and refer the Court to the transcript of this earnings call for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants admit that, on or about February 26, 2019, Merit held an earnings call with analysts. To the extent the allegations in Paragraph 54 purport to describe and/or characterize Merit's February 26, 2019 earnings call, Defendants deny that Plaintiffs have accurately and completely characterized this earnings call and refer the Court to the transcript of this earnings call for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 54.

55. To the extent the allegations in Paragraph 55 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 55.

56. Defendants admit that, on or about April 23, 2019, Merit issued a press release and held an earnings call with analysts. To the extent the allegations in Paragraph 56 purport to describe and/or characterize Merit's April 23, 2019 press release and earnings

14

call, Defendants deny that Plaintiffs have accurately and completely characterized this press release and earnings call and refer the Court to this press release and the transcript of this earnings call for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 56.

57.     Defendants admit that, on or about April 23, 2019, Merit held an earnings call with analysts. To the extent the allegations in Paragraph 57 purport to describe and/or characterize Merit's April 23, 2019 earnings call, Defendants deny that Plaintiffs have accurately and completely characterized this earnings call and refer the Court to the transcript of this earnings call for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 57.

58.     To the extent the allegations in Paragraph 58 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 58.

59.     To the extent the allegations in Paragraph 59 purport to describe and/or characterize thoughts or motivations of third-parties, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. To the extent the remaining allegations in Paragraph 59 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 59.

60.     Defendants admit that, on or about February 26, 2019, Merit issued a press release. To the extent the allegations in Paragraph 60 purport to describe and/or characterize Merit's February 26, 2019 press release, Defendants deny that Plaintiffs have accurately and completely characterized this press release and refer the Court to this press

release for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 60.

61.    Defendants admit that, on or about February 26, 2019, Merit held an earnings call with analysts. To the extent the allegations in Paragraph 61 purport to describe and/or characterize Merit's February 26, 2019 earnings call, Defendants deny that Plaintiffs have accurately and completely characterized this earnings call and refer the Court to the transcript of this earnings call for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 61.

62.    Defendants admit that, on or about February 26, 2019, Merit held an earnings call with analysts. To the extent the allegations in Paragraph 62 purport to describe and/or characterize Merit's February 26, 2019 earnings call, Defendants deny that Plaintiffs have accurately and completely characterized this earnings call and refer the Court to the transcript of this earnings call for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 62.

63.    Defendants admit that, on or about March 1, 2019, Merit published a letter to its shareholders. To the extent the allegations in Paragraph 63 purport to describe and/or characterize Merit's March 1, 2019 shareholder letter, Defendants deny that Plaintiffs have accurately and completely characterized this shareholder letter and refer the Court to this shareholder letter for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 63.

64.    Defendants admit that, on or about April 23, 2019, Merit held an earnings call with analysts. To the extent the allegations in Paragraph 64 purport to describe and/or characterize Merit's April 23, 2019 earnings call, Defendants deny that Plaintiffs have accurately and completely characterized this earnings call and refer the Court to the transcript of this earnings call for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 64.

65.    To the extent the allegations in Paragraph 65 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations

because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 65.

66. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 66 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants also admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most cases. Defendants also admit that a few private payers covered the ClariVein products. Defendants also admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants also admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins). Defendants further admit that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. Defendants otherwise deny the remaining allegations in Paragraph 66.

67. Defendants admit that one Cianna sales representative resigned or was terminated on or about January 18, 2019, that one Cianna sales representative resigned or was terminated on or about March 29, 2019, that one Cianna sales representative resigned or was terminated on or about April 5, 2019 and that one Cianna sales representative resigned or was terminated on or about January 18, 2019. Defendants admit that Merit made public statements about the acquisition of Cianna prior to and during the purported class period. To the extent the allegations in Paragraph 67 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have

accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 67.

68. Defendants admit that Cianna'a sales team was categorized by 4 regions. To the extent the allegations in Paragraph 68 purport to describe and/or characterize statements made by an unnamed witness, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 68.

69. To the extent the allegations in Paragraph 69 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 69.

70. To the extent the allegations in Paragraph 70 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 70.

71. To the extent the allegations in Paragraph 71 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 71.

72. To the extent the allegations in Paragraph 72 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 72.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

73.   To the extent the allegations in Paragraph 73 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 73.

74.   To the extent the allegations in Paragraph 74 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 74.

75.   To the extent the allegations in Paragraph 75 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 75.

76.   To the extent the allegations in Paragraph 76 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 76.

77.   To the extent the allegations in Paragraph 77 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 77.

78.   To the extent the allegations in Paragraph 78 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as

to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 78.

79. To the extent the allegations in Paragraph 79 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 79.

80. To the extent the allegations in Paragraph 80 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 80.

81. To the extent the allegations in Paragraph 81 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 81.

82. To the extent the allegations in Paragraph 82 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 82.

83. To the extent the allegations in Paragraph 83 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 83.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

84. To the extent the allegations in Paragraph 84 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 84.

85. To the extent the allegations in Paragraph 85 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 85.

86. To the extent the allegations in Paragraph 86 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 86.

87. To the extent the allegations in Paragraph 87 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 87.

88. To the extent the allegations in Paragraph 88 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 88.

89. To the extent the allegations in Paragraph 89 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as

to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 89.

90.     Defendants admit that Lampropoulos attended meetings (prior to the purported class period), which may have included information about the integration of Cianna's information management systems, and that PowerPoint presentations may have been used in some meetings. To the extent the allegations in Paragraph 90 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 90.

91.     To the extent the allegations in Paragraph 91 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent the remaining allegations in Paragraph 91 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 91.

92.     To the extent the allegations in Paragraph 92 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 92.

93.     To the extent the allegations in Paragraph 93 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 93.

94. To the extent the allegations in Paragraph 94 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 94.

95. Defendants admit that Cianna used Showpad (a marketing platform) prior to its acquisition by Merit and that Merit did not use Showpad. To the extent the allegations in Paragraph 95 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 95.

96. To the extent the allegations in Paragraph 96 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 96.

97. To the extent the allegations in Paragraph 97 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent the remaining allegations in Paragraph 97 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 97.

98. To the extent the allegations in Paragraph 98 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 98.

99. To the extent the allegations in Paragraph 99 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. To the extent the allegations in Paragraph 101 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. To the extent the allegations in Paragraph 103 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 103.

104. Defendants admit that there were electronic displays hung outside the Individual Defendants' offices on the third floor of Merit's headquarters. Defendants admit that these electronic displays streamed sales data for Merit's products. To the extent the allegations in Paragraph 104 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 104.

105. Defendants admit that Lampropoulos and Parra occasionally reviewed the information streamed on the electronic display outside their offices. To the extent the

24

allegations in Paragraph 105 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 105.

106. Defendants admit that Merit used a software called "Domo" for integrated sales reporting and that Lampropoulos and Parra could have accessed sales data from Domo. To the extent the allegations in Paragraph 106 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 106.

107. To the extent the allegations in Paragraph 107 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 107.

108. Defendants admit that Individual Defendants received email reports containing sales information for Merit's products. To the extent the allegations in Paragraph 108 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 108.

109. Defendants admit that Lampropoulos and Parra occasionally asked for and received reports containing information synthesized Merit's internal systems. To the extent the allegations in Paragraph 109 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 109.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

110.    To the extent the allegations in Paragraph 110 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 110.

111.    Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 111 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent the allegations in Paragraph 111 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most cases. Defendants also admit that a few private payers covered the ClariVein products. To the extent the allegations in Paragraph 113 purport to describe and/or characterize the actions or finances of third parties, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 113.

114.    Defendants admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most cases. Defendants also admit that a few private payers covered the ClariVein products. To the extent the allegations in Paragraph 114 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge

26

or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 114.

115. To the extent the allegations in Paragraph 115 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 115.

116. To the extent the allegations in Paragraph 116 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 116.

117. To the extent the allegations in Paragraph 117 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 117.

118. Defendants deny the allegations in the first sentence of Paragraph 118. To the extent the allegations in Paragraph 118 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 118.

119. Defendants admit that Lance Thrash was responsible for managing the reimbursement of Vascular Insights' ClariVein product line and that he gave a presentation on reimbursement at a national sales conference in January 2019. To the extent the allegations in Paragraph 119 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without

knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 119.

120. Defendants admit that Justin Lampropoulos attended a sales meeting in April 2019 in Richmond, Virginia and that reimbursement issues were discussed. To the extent the allegations in Paragraph 120 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 120.

121. To the extent the allegations in Paragraph 121 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 121.

122. Defendants deny the allegations in the first sentence of Paragraph 122. To the extent the allegations in Paragraph 122 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 122.

123. To the extent the allegations in Paragraph 123 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 123.

124. Defendants admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins. Defendants also admit

28

that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. Defendants otherwise deny the allegations in Paragraph 124.

125.   To the extent the allegations in Paragraph 125 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 125.

126.   To the extent the allegations in Paragraph 126 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 126.

127.   To the extent the allegations in Paragraph 127 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 127.

128.   Defendants lack sufficient information at this time to either admit or deny the allegation that Lampropoulos met with Lorraine Hanley. To the extent the allegations in Paragraph 128 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the allegations in Paragraph 128.

129.   Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 129 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately

29

and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent Plaintiffs purport to describe the price of Merit's stock on a certain date, it is a matter of public record. Defendants deny that the allegations in Paragraph 129 accurately and completely describe the factors affecting stock price movements described therein. To the extent the allegations in Paragraph 129 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 129.

130. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 130 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 130.

131. Defendants deny the allegations in the first sentence of paragraph 131. Defendants admit that Merit made public statements about the acquisition of Cianna during the purported class period. To the extent the allegations in Paragraph 131 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 131.

132. To the extent Plaintiffs purport to describe the price of Merit's stock on a certain date, it is a matter of public record. Defendants deny that the allegations in Paragraph 131 accurately and completely describe the factors affecting stock price movements described therein. Defendants otherwise deny the remaining allegations in Paragraph 132.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

133.    To the extent the allegations in Paragraph 133 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

135.    Defendants admit that Merit made public statements about the acquisition Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 135 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 135.

136.    Defendants deny the allegations in the first sentence of Paragraph 136. To the extent the allegations in Paragraph 136 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 136.

137.    Defendants admit that Lampropoulos sold: 40,000 shares of Merit stock on or about August 15, 2019 at approximately $36.67 to $37.11 per share; and 150,000 shares of Merit Stock on or about September 6, 2019 at approximately $30.55 to $31.13 per share. Defendants also admit that Lampropoulos' wife sold 11,817 shares of Merit stock on or about September 6, 2019 at approximately $30.23 to $30.63 per share. Defendants otherwise deny the remaining allegations in Paragraph 137.

138.    Defendants admit that Lampropoulos sold: 40,000 shares of Merit stock on or about August 15, 2019 at approximately $36.67 to $37.11 per share; and 150,000 shares of Merit Stock on or about September 6, 2019 at approximately $30.55 to $31.13 per share.

Defendants also admit that Lampropoulos' wife sold 11,817 shares of Merit stock on or about September 6, 2019 at approximately $30.23 to $30.63 per share. Defendants admit that and that these stock sales were not made under a trading plan. Defendants admit that Lampropoulos owned approximately 1,119,991 shares of Merit stock (excluding any shares of Merit stock in his retirement accounts) as of June 30, 2019. Defendants admit that Lampropoulos did not sell any shares of Merit stock between February 26, 2016 and February 26, 2019 and that Lampropoulos sold 3,125 shares of Merit stock in 2015, in the open market. Defendants admit that Lampropoulos did not purchase shares of Merit stock between February 26, 2019 and October 30, 2019. To the extent the allegations in Paragraph 138 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 138.

139. Defendants admit that Lampropoulos sold approximately 3,125 shares of Merit stock in 2015 (in the open market) and that Lampropoulos sold approximately 201,817 shares of Merit stock between August 15, 2019 and September 6, 2019, including the 11,817 shares of Merit stock that his wife sold during this time. Defendants otherwise deny the remaining allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

141. Defendants admit that Merit acquired Vascular Insights' ClariVein product line on or about December 14, 2018. Defendants admit that Merit held a conference call with analysts on or about October 30, 2019. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 141 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 141.

142.   Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 142 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 142.

143.   Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 143 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 143.

144.   To the extent Plaintiffs purport to describe the price of Merit's stock on certain dates, it is a matter of public record. Defendants deny that the allegations in Paragraph 144 accurately and completely describe the factors affecting stock price movements described therein and otherwise deny the allegations in Paragraph 144.

145.   To the extent the allegations in Paragraph 145 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 145.

146.   To the extent the allegations in Paragraph 146 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 146.

147. Defendants deny the allegations in Paragraph 147.

148. Defendants admit that Merit held a conference call with analysts on or about February 26, 2019. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 148 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 148.

149. Defendants admit that Merit held a conference call with analysts on or about February 26, 2019. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 149 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 149.

150. To the extent the allegations in Paragraph 150 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 150 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 150.

151.    Defendants admit that Merit held a conference call with analysts on or about February 26, 2019. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 151 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 151.

152.    Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 152 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 152.

153.    Defendants admit that Merit held a conference call with analysts on or about February 26, 2019. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 153 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 153.

154.    Defendants admit that Merit made public statements about the acquisition of Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 154 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and

statements for their complete and accurate contents. Defendants also admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins). Defendants also admit that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. Defendants otherwise deny the remaining allegations in Paragraph 154.

155. Defendants admit that Merit issued a press release on or about February 26, 2019. To the extent the remaining allegations in Paragraph 155 purport to describe and/or characterize this press release, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the press release for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 155.

156. Defendants admit that Merit made public statements about the acquisition of Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 156 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants also admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants also admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins). Defendants also admit that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. Defendants otherwise deny the remaining allegations in Paragraph 156.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

157.    Defendants admit that Merit filed its 2018 Form 10-K with the SEC on or about March 1, 2019. To the extent the remaining allegations in Paragraph 157 purport to describe and/or characterize the 2018 10-K, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the 2018 10-K for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 157.

158.    Defendants admit that Merit made public statements about the acquisition of Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 158 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants also admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most cases. Defendants also admit that a few private payers covered the ClariVein products. Defendants otherwise deny the remaining allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants admit that Merit published a shareholder letter on or about March 1, 2019.  To the extent the remaining allegations in Paragraph 160 purport to describe and/or characterize this letter, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to this letter for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 160.

161.    Defendants admit that Merit made public statements about the acquisition of Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 161 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most

cases. Defendants also admit that a few private payers covered the ClariVein products. Defendants also admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants also admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins). Defendants further admit that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. Defendants otherwise deny the remaining allegations in Paragraph 161.

162. Defendants admit that Merit published a press release on or about April 23, 2019. To the extent the remaining allegations in Paragraph 162 purport to describe and/or characterize this press release, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to this press release for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 162.

163. Defendants admit that one Cianna sales representative resigned or was terminated on or about January 18, 2019, that one Cianna sales representative resigned or was terminated on or about March 29, 2019, that one Cianna sales representative resigned or was terminated on or about April 5, 2019 and that one Cianna sales representative resigned or was terminated on or about January 18, 2019. Defendants admit that Merit made public statements about the acquisition of Cianna during the purported class period. To the extent the allegations in Paragraph 163 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent the allegations in Paragraph 163 purport to describe and/or characterize statements made by unnamed "witnesses," Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 163.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

164.    Defendants admit that Merit made public statements about the acquisition of Cianna during the purported class period. To the extent the allegations in Paragraph 164 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 164.

165.    Defendants admit that Merit held a conference call with analysts on or about April 23, 2019 and that Lampropoulos and Parra participated in the conference call. To the extent the allegations in Paragraph 165 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 165.

166.    Defendants admit that Merit held a conference call with analysts on or about April 23, 2019. To the extent the allegations in Paragraph 166 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 166.

167.    Defendants admit that Merit made public statements about the acquisition of Cianna during the purported class period. To the extent the allegations in Paragraph 167 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents.   Defendants admit that one Cianna sales representative resigned or was terminated on or about January 18, 2019, that one Cianna sales representative resigned or was terminated on or about March 29, 2019, that one Cianna sales representative resigned or was terminated on or about April 5, 2019 and that one Cianna sales representative

resigned or was terminated on or about January 18, 2019. Defendants otherwise deny the remaining allegations in Paragraph 167.

168. Defendants admit that Merit held a conference call with analysts on or about April 23, 2019. To the extent the allegations in Paragraph 168 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 168.

169. Defendants admit that Merit made public statements about the acquisition of Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 169 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants also admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most cases. Defendants also admit that a few private payers covered the ClariVein products. Defendants also admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants also admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins). Defendants further admit that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. Defendants otherwise deny the remaining allegations in Paragraph 169.

170. Defendants admit that Merit held a conference call with analysts on or about April 23, 2019. To the extent the allegations in Paragraph 170 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 170.

171. Defendants admit that Merit made public statements about the acquisition of Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 171 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants also admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most cases. Defendants also admit that a few private payers covered the ClariVein products. Defendants also admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants also admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins). Defendants further admit that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. Defendants otherwise deny the remaining allegations in Paragraph 171.

172. Defendants admit that Merit held a conference call with analysts on or about July 25, 2019 and that Lampropoulos and Parra participated in the conference call. To the extent the allegations in Paragraph 172 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 172.

173. Defendants admit that Merit held a conference call with analysts on or about July 25, 2019. To the extent the allegations in Paragraph 173 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its

41

complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 173.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants admit that Merit held a conference call with analysts on or about July 25, 2019. To the extent the allegations in Paragraph 175 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 175.

176.    Defendants admit that Merit made public statements about the acquisition of Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 176 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants also admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most cases. Defendants also admit that a few private payers covered the ClariVein products. Defendants also admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants also admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins). Defendants further admit that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. Defendants otherwise deny the remaining allegations in Paragraph 176.

177.    Defendants admit that Merit held a conference call with analysts on or about July 25, 2019. To the extent the allegations in Paragraph 177 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have

accurately and completely characterized it and refer the Court to the transcript for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 177.

178. Defendants admit that Merit made public statements about the acquisition of Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 178 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants also admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most cases. Defendants also admit that a few private payers covered the ClariVein products. Defendants also admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants also admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins). Defendants further admit that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. Defendants otherwise deny the remaining allegations in Paragraph 178.

179. Defendants deny the allegations in Paragraph 179.

180. Defendants admit that Merit made public statements about the acquisition of Vascular Insights' ClariVein product line during the purported class period. To the extent the allegations in Paragraph 180 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 180.

181. Defendants deny the allegations in Paragraph 181.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

182. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 182 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 182.

183. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 183 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 183.

184. Defendants deny the allegations in Paragraph 184.

185. Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 185 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent the allegations in Paragraph 185 purport to describe and/or characterize statements made by unnamed third parties, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 185.

186. Defendants admit that Merit made public statements about the acquisition of Cianna during the purported class period. To the extent the remaining allegations in Paragraph 186 purport to describe and/or characterize Merit's public disclosures and

statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 186.

187. Defendants deny the allegations in Paragraph 187.

188. Defendants admit that one Cianna sales representative resigned or was terminated on or about January 18, 2019, that one Cianna sales representative resigned or was terminated on or about March 29, 2019, that one Cianna sales representative resigned or was terminated on or about April 5, 2019 and that one Cianna sales representative resigned or was terminated on or about January 18, 2019. Defendants admit that Merit made public statements about the acquisition of Cianna during the purported class period. To the extent the remaining allegations in Paragraph 188 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. To the extent the allegations in Paragraph 188 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 188.

189. Defendants admit that Merit made public statements about the acquisition of Cianna during the purported class period. To the extent the remaining allegations in Paragraph 189 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 189.

190. To the extent the allegations in Paragraph 190 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations

45

because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 190.

191. To the extent the allegations in Paragraph 191 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 191.

192. Defendants admit that Merit made public statements about the acquisition Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 192 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 192.

193. To the extent the allegations in Paragraph 193 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 193.

194. Defendants admit that Merit used a software called "Domo" for integrated sales reporting and that Lampropoulos and Parra could have accessed sales data from Domo. To the extent the allegations in Paragraph 194 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 194.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

195.    To the extent the allegations in Paragraph 195 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 195.

196.    Defendants admit that Medicare covered the ClariVein products and that Medicare generally reimbursed for these products in most cases. Defendants also admit that a few private payers covered the ClariVein products. Defendants further admit that Merit was aware, prior to the acquisition, that only a few private payers covered the ClariVein products. To the extent the allegations in Paragraph 196 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 196.

197.    Defendants admit that ClariVein®IC and ClariVein®OC specialty infusion and occlusion catheter systems have been used to treat superficial venous disease, particularly below the knee (BTK) and venous leg ulcers (VLU). Defendants also admit that the ClariVein FDA cleared indication for use is for the infusion of physician-specified agents in the peripheral vasculature (*e.g.*, superficial veins, saphenous veins). Defendants further admit that Merit determined, during due diligence prior to the acquisition of the ClariVein product line, that the treatment of varicose veins was not specifically included in the cleared indication for use. To the extent the allegations in Paragraph 197 purport to describe and/or characterize statements made by unnamed witnesses, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 197.

198.    Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period.

47

To the extent the remaining allegations in Paragraph 198 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 198.

199.    Defendants admit that Lampropoulos sold: 40,000 shares of Merit stock on or about August 15, 2019 at approximately $36.67 to $37.11 per share; and 150,000 shares of Merit Stock on or about September 6, 2019 at approximately $30.55 to $31.13 per share. Defendants also admit that Lampropoulos' wife sold 11,817 shares of Merit stock on or about September 6, 2019 at approximately $30.23 to $30.63 per share.  Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 199 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 199.

200.    Defendants admit that Lampropoulos sold: 40,000 shares of Merit stock on or about August 15, 2019 at approximately $36.67 to $37.11 per share; and 150,000 shares of Merit Stock on or about September 6, 2019 at approximately $30.55 to $31.13 per share. Defendants also admit that Lampropoulos' wife sold 11,817 shares of Merit stock on or about September 6, 2019 at approximately $30.23 to $30.63 per share. Defendants also admit that Lampropoulos did not sell Merit stock in the open market between February 26, 2016 and February 26, 2019. Defendants further admit that Lampropoulos sold approximately 3,125 shares of Merit stock in 2015, in the open market. To the extent the allegations in Paragraph 200 purport to describe and/or characterize statements made by a third-party analyst, Defendants deny these allegations because they are presently without

48

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 200.

201. Defendants deny the allegations in Paragraph 201.

202. Defendants deny the allegations in Paragraph 202.

203. To the extent Plaintiffs purport to describe the price of Merit's stock on a certain date, it is a matter of public record. Defendants otherwise deny the remaining allegations in Paragraph 203.

204. Defendants admit that Merit held a conference call with analysts on or about July 25, 2019. To the extent the allegations in Paragraph 204 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 204.

205. To the extent the allegations in Paragraph 205 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 205.

206. To the extent the allegations in Paragraph 206 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 206.

207. To the extent Plaintiffs purport to describe the price of Merit's stock on a certain date, it is a matter of public record. Defendants deny that the allegations in Paragraph 207 accurately and completely describe the factors affecting stock price movements described therein and otherwise deny the allegations in Paragraph 207.

208.    Defendants admit that Merit held a conference call with analysts on or about July 25, 2019. To the extent the allegations in Paragraph 208 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 208.

209.    Defendants admit that Merit held a conference call with analysts on or about July 25, 2019. To the extent the allegations in Paragraph 209 purport to describe and/or characterize the transcript of this conference call, Defendants deny that Plaintiffs have accurately and completely characterized it and refer the Court to the transcript for its complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 209.

210.    Defendants deny the allegations in Paragraph 210.

211.    Defendants admit that Merit made public statements about the acquisitions of Cianna and Vascular Insights' ClariVein product line during the purported class period. To the extent the remaining allegations in Paragraph 211 purport to describe and/or characterize Merit's public disclosures and statements, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to Merit's public disclosures and statements for their complete and accurate contents. Defendants otherwise deny the remaining allegations in Paragraph 211.

212.    To the extent Plaintiffs purport to describe the price of Merit's stock on a certain date, it is a matter of public record. Defendants deny that the allegations in Paragraph 212 accurately and completely describe the factors affecting stock price movements described therein and otherwise deny the allegations in Paragraph 212.

213.    To the extent the allegations in Paragraph 213 purport to describe and/or characterize statements made by third-party analysts, Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

to the truth or falsity of these allegations. Defendants otherwise deny the remaining allegations in Paragraph 213.

214.   To the extent the allegations in Paragraph 214 purport to describe and/or characterize statements made by unnamed "witnesses," Defendants deny these allegations because they are presently without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Defendants otherwise deny any remaining allegations in Paragraph 214.

215.   Defendants deny the allegations in Paragraph 215.

216.   To the extent Plaintiffs purport to describe the price of Merit's stock on a certain date, it is a matter of public record. Defendants deny that the allegations in Paragraph 216 accurately and completely describe the factors affecting stock price movements described therein and otherwise deny the allegations in Paragraph 216.

217.   Defendants deny the allegations in Paragraph 217.

218.   Defendants deny the allegations in Paragraph 218.

219.   Defendants deny the allegations in Paragraph 219.

220.   Defendants admit that Merit's stock was traded on the NASDAQ. Defendants admit that Merit filed public reports with the SEC. Defendants admit that Merit made public statements and disclosures during the purported class period and was followed by analysts.  Defendants otherwise deny the remaining allegations in Paragraph 220.

221.   Defendants deny the allegations in Paragraph 221.

222.   Defendants deny the allegations in Paragraph 222.

223.   Paragraph 223 does not contain any factual allegations that require a response. To the extent that Paragraph 223 contains factual allegations or otherwise requires a response, Defendants deny the allegations in Paragraph 223.

224.   Defendants admit that Merit's stock was traded on the NASDAQ. Defendants otherwise lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 224 and on that basis deny them.

51

225.    Paragraph 225 is a legal argument that requires no response. To the extent that Paragraph 225 contains factual allegations or otherwise requires a response, Defendants deny the allegations in Paragraph 225.

226.    Paragraph 226 is a legal argument that requires no response. To the extent that Paragraph 226 contains factual allegations or otherwise requires a response, Defendants deny the allegations in Paragraph 226.

227.    Paragraph 227 is a legal argument that requires no response. To the extent that Paragraph 227 contains factual allegations or otherwise requires a response, Defendants deny the allegations in Paragraph 227.

228.    Paragraph 228 is a legal argument that requires no response. To the extent that Paragraph 228 contains factual allegations or otherwise requires a response, Defendants deny the allegations in Paragraph 228.

229.    Paragraph 229 incorporates by reference Paragraphs 1 through 228 of the CAC. Defendants likewise incorporate by reference their responses to Paragraphs 1 through 228.

230.    Defendants deny the allegations in Paragraph 230.

231.    Defendants deny the allegations in Paragraph 231.

232.    Defendants deny the allegations in Paragraph 232.

233.    Defendants deny the allegations in Paragraph 233.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants deny the allegations in Paragraph 235.

236.    Defendants deny the allegations in Paragraph 236.

237.    Defendants deny the allegations in Paragraph 237.

238.    Paragraph 238 incorporates by reference Paragraphs 1 through 237 of the CAC. Defendants likewise incorporate by reference their responses to Paragraphs 1 through 237.

239.    Defendants deny the allegations in Paragraph 238.

240.    Defendants deny the allegations in Paragraph 239.

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

241.   Defendants deny the allegations in Paragraph 240.

242.   Defendants admit that Lampropoulos and Parra made public statements during the purported class period. Defendants deny the remaining allegations in Paragraph 242.

243.   Defendants deny the allegations in Paragraph 243.

244.   Defendants deny the allegations in Paragraph 244.

245.   Defendants deny the allegations in Paragraph 245.

246.   Plaintiffs' prayer for relief and judgment does not require a response, but insofar as an answer is deemed necessary, Defendants deny that Plaintiffs are entitled to the requested relief and judgment or to any relief whatsoever.

**Affirmative Defenses**

FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim)

247.   The CAC, and each purported cause of action alleged therein against Defendants, fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE (Failure to Plead with Particularity)

248.   Defendants allege that Plaintiffs have failed to plead the required elements of each of their claims with the particularity required by governing law.

THIRD AFFIRMATIVE DEFENSE (No Materiality)

249.   Any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other action allegedly made or taken by any of the Defendants was not material to the investment decision of a reasonable investor.

FOURTH AFFIRMATIVE DEFENSE (No Damages)

250.   Plaintiffs' claims are barred in whole or in part because plaintiffs cannot establish that any of the Defendants made any untrue statement of material fact, omission of material fact, misleading statement, or took any other action that caused harm to the plaintiffs.

FIFTH AFFIRMATIVE DEFENSE (No Reasonable Reliance)

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

251.    Defendants allege that the named plaintiffs and members of the purported plaintiff class would have acquired their Merit common stock at the same price even if they had known of the alleged misstatements and omissions.

SIXTH AFFIRMATIVE DEFENSE (Conformity with SEC Rules & Regulations)

252.    Each and every act or omission alleged by Plaintiffs was performed or omitted in good faith and in conformity with the rules and regulations of the SEC and, therefore, there is no liability for any act or omission so alleged.

SEVENTH AFFIRMATIVE DEFENSE (No Duty to Disclose)

253.    Defendants allege that, for all of the alleged omissions of material fact described by Plaintiffs, Defendants had no duty to disclose this information.

EIGHT AFFIRMATIVE DEFENSE (Safe Harbor & Bespeaks Caution)

254.    Defendants allege that all of the alleged misstatements of material fact or misleading statements that are forward-looking are protected by the PSLRA's statutory safe harbor provision and by the common law bespeaks caution doctrine.

NINTH AFFIRMATIVE DEFENSE (Disclosed Risk)

255.    Defendants allege that the material risks that Plaintiffs allege were omitted from Merit's disclosures and withheld from investors were actually publicly disclosed.

TENTH AFFIRMATIVE DEFENSE (No Loss Causation)

256.    Defendants allege that Plaintiffs cannot plead any facts to establish that the alleged misstatements of material fact, omissions of material fact, or misleading statements made by Defendants were the cause of any decline in the share price of Merit common stock.

ELEVENTH AFFIRMATIVE DEFENSE (No Transaction Causation)

257.    Defendants allege that the named plaintiffs and members of the purported plaintiff class would have acquired their Merit common stock at the same price even if they had known of the alleged misstatements and omissions.

TWELFTH AFFIRMATIVE DEFENSE (Negative Causation)

258.   Defendants allege that any depreciation in the market price of Merit common stock acquired by the plaintiffs and members of the purported plaintiff class resulted from factors, including the acts of third parties, other than the alleged misrepresentations and omissions set for by Plaintiffs.

THIRTEENTH AFFIRMATIVE DEFENSE (No Primary Liability)

259.   Plaintiffs' claims are barred in whole or in part because plaintiffs cannot establish the primary liability necessary to assert control-person liability.

FOURTEENTH AFFIRMATIVE DEFENSE (Inadequate Class Allegations)

260.   Defendants allege that Plaintiffs have failed to adequately allege the requisite elements to establish the propriety of certifying a class of plaintiffs in this case

FIFTEENTH AFFIRMATIVE DEFENSE (Limited Damages)

261.   Defendants allege that plaintiffs and members of the purported plaintiff class did not exercise due care and failed to act reasonably to protect themselves from, or to mitigate, any damages they allegedly may have sustained by reason of the alleged wrongful acts set forth by Plaintiffs.

RESERVATION OF DEFENSES

262.   Additional facts may be revealed by future discovery that supports additional affirmative defenses presently available to, but unknown to, Defendants. Therefore, Defendants reserve the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

Dated: May 24, 2021                    Respectfully submitted,

                                       */s/ Paul R. Bessette*
                                       Paul R. Bessette
                                       Michael J. Biles
                                       Joseph N. Akrotirianakis
                                       S. Saliya Subasinghe
                                       King & Spalding LLP

                                       *Counsel for Defendants*

DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT