# Exhibit 1

EXECUTION COPY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MERIT MEDICAL SYSTEMS, INC. SECURITIES LITIGATION | No. 8:19-cv-02326-DOC-ADS |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of December 21, 2021 (the "Stipulation") is entered into between (a) Lead Plaintiffs City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Merit Medical Systems, Inc. ("Merit" or the "Company"), Fred P. Lampropoulos, and Raul Parra (collectively, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

A.      On December 3, 2019, a class action complaint was filed in the United States District Court for the Central District of California (the "Court"), styled *Bucks County Employees Retirement Fund v. Merit Medical Systems, Inc., et al.*, Case No. 8:19-cv-02326, alleging violations of the federal securities laws on behalf of persons who purchased Merit common stock between February 26, 2019 and October 30, 2019, inclusive.

B.      On February 3, 2020, City of Atlanta Police Officers' Pension Fund and City of Atlanta Firefighters' Pension Fund (the "Atlanta Funds"), and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("Baton Rouge") filed a joint motion for appointment as lead plaintiffs on behalf of purchasers of Merit common stock from February 26, 2019 through October 30, 2019, inclusive.

C.      On February 24, 2020, the Court ordered that the master docket be recaptioned as *In re Merit Medical Systems, Inc. Securities Litigation*, Master File No. 8:19-cv-02326-DOC-ADS (the "Action") and that any subsequently filed, removed, or transferred actions related to the claims asserted in the Action be consolidated for all purposes; appointed the Atlanta Funds and Baton Rouge as Lead Plaintiffs; and approved Lead Plaintiffs' selection of Saxena White P.A. and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

D.      On March 23, 2020, Defendants served and filed a motion to transfer the case to the District of Utah.  On April 13, 2020, Lead Plaintiffs opposed that motion and on April 27, 2020, Defendants filed and served their reply in support of their motion to transfer.  On May 11, 2020, the Court denied Defendants' motion to transfer venue to the District of Utah.

E.      On June 30, 2020, Lead Plaintiffs served and filed their Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Defendants Merit, Fred P. Lampropoulos, and Raul Parra under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Lampropoulos and Parra under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements about two of Merit's acquisitions, Cianna Medical and Vascular Insights, including that Merit had successfully integrated Cianna Medical and had maintained its sales force and that Vascular Insights' ClariVein products were driving Merit's growth.  The Complaint further alleged that the price of Merit common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and declined when the truth was allegedly revealed.

F.      On August 14, 2020, Defendants served and filed a motion to dismiss the Complaint.  On September 28, 2020, Lead Plaintiffs served and filed their

memorandum of law in opposition to that motion and, on October 22, 2020, Defendants served and filed their reply papers.

G.     On March 16, 2021, the Honorable Autumn D. Spaeth issued a report and recommendation denying Defendants' motions to dismiss the Complaint in large part (the "Report").

H.     On March 30, 2021, Defendants served and filed objections to Judge Spaeth's Report.  On April 13, 2021, Lead Plaintiffs served and filed their response to Defendants' objections.  On May 4, 2021, the Court entered an order adopting Judge Spaeth's Report in full.

I.     On May 24, 2021, Defendants served and filed their Answer and Affirmative Defenses to the Complaint.

J.     Discovery in this Action commenced in May 2021.  Lead Plaintiffs prepared and served initial disclosures, document requests, and interrogatories on Defendants.  Additionally, Lead Plaintiffs prepared and served document subpoenas on six non-parties.  Lead Plaintiffs exchanged numerous letters and held numerous meet and confers with Defendants and third parties concerning discovery issues. Defendants and non-parties produced over 545,000 pages of documents to Lead Plaintiffs.

K.     The Parties agreed to engage in private mediation and retained Michelle Yoshida to act as mediator in the Action.  Pursuant to a schedule set by Ms. Yoshida,

the Parties exchanged mediation statements on September 24, 2021, and participated in a full-day, in-person mediation session in Newport Beach on October 5, 2021. The October 5, 2021 mediation session ended without resolution. Following extensive, additional negotiations overseen by the mediator, Ms. Yoshida made a mediator's recommendation, on a double-blind basis, that the Parties settle the Action for $18,250,000.00, which the Parties accepted on November 16, 2021.

L.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

M.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to the Settlement Class and in its best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

N.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each

of the Defendants denies any liability and denies any violation of law or wrongdoing or damage, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

O.     NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (on behalf of themselves and all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs'

Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities class action styled *In re Merit Medical Systems, Inc. Securities Litigation,* No. 8:19-cv-02326-DOC-ADS (C.D. Cal.), and included all actions consolidated therein.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)      "Claim" means a paper claim submitted on a Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)   "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)   "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)   "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)   "Class Period" means the period from February 26, 2019 through October 30, 2019, inclusive.

(j)   "Complaint" means the Consolidated Class Action Complaint for Violation of Federal Securities Laws filed by Lead Plaintiffs in the Action on June 30, 2020.

(k)   "Court" means the United States District Court for the Central District of California.

(l)   "Defendants" means Merit and the Individual Defendants.

(m)   "Defendants' Counsel" means King & Spalding LLP.

(n)   "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, partnerships,

partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such, and each of their successors, predecessors, assigns, and assignees.

(o)   "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(p)   "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q)   "Escrow Agent" means Huntington National Bank.

(r)   "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)   "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed

9

on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)   "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(u)   "Individual Defendants" means Fred P. Lampropoulos and Raul Parra.

(v)   "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(w)   "Lead Counsel" means the law firms of Saxena White P.A. and Bernstein Litowitz Berger & Grossmann LLP.

(x)   "Lead Plaintiffs" means City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge.

(y)   "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

(z)   "Merit" or the "Company" means Merit Medical Systems, Inc.

(aa)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(bb)   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(cc)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering

11

the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(dd)  "Officer" means any officer as that term is defined in Securities Exchange Act Rule 16a-1(f).

(ee)  "Parties" means Lead Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants.

(ff)  "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their current and former parents, affiliates, subsidiaries, officers, directors, agents, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such, and each of their successors, predecessors, assigns, and assignees.

(gg)  "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(hh)  "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ii)  "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(jj)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(kk)   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(ll)   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint *and* relate to the purchase of Merit common stock during the Class Period.  Released Plaintiffs'

Claims do not include:  (i) claims asserted in any ERISA or derivative action based

on similar allegations, including *Maute v. Lampropoulos, et al.*, Case No. 2:21-cv-

00346-DBP (D. Utah); (ii) claims relating to the enforcement of the Settlement; or

(iii) any claims of any person or entity who or which submits a request for exclusion

that is accepted by the Court.

(mm) "Releasee(s)" means each and any of the Defendants' Releasees

and each and any of the Plaintiffs' Releasees.

(nn) "Releases" means the releases set forth in ¶¶ 5-6 of this

Stipulation.

(oo) "Settlement" means the settlement between Lead Plaintiffs and

Defendants on the terms and conditions set forth in this Stipulation.

(pp)  "Settlement Amount" means $18,250,000.00 in cash.

(qq)  "Settlement Class" means all persons who purchased Merit

common stock from February 26, 2019 through October 30, 2019, inclusive (the

"Class Period"), and who were damaged thereby.  Excluded from the Settlement

Class are Defendants, the Officers and directors of Merit at all relevant times, and

all such excluded persons' Immediate Family Members, legal representatives, heirs,

agents, affiliates, predecessors, successors, and assigns, and any entity in which any

excluded person has or had a controlling interest.  Also excluded from the Settlement

Class are any persons who submit a request for exclusion that is accepted by the Court.

(rr)   "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(ss)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(tt)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(uu)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(vv)   "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(ww) "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

16

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement, Defendants stipulate and agree to:  (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Within five (5) business days of execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

6. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who

or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants and or their insurer(s) shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than ten (10) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any

attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments backed by the full faith and credit of the United States of America, including United States Treasury Bills (or a mutual fund invested solely in such instruments) or any account that is fully insured by the FDIC. The primary investment objective of the Escrow Agent is to protect the principal of the Settlement Fund.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury

Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to

Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15. Lead Counsel will apply to the Court for a collective award of attorneys' fees to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment or reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the

award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.    Lead Counsel shall allocate the attorneys' fees awarded amongst themselves in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer

the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Merit's obligation to provide its shareholder records as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Merit shall provide or

cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names and addresses) of the holders of the Merit common stock during the Class Period.

20.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants' Counsel shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

21.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from

receiving any distribution from the Net Settlement Fund or payment pursuant to this
Stipulation (unless by Order of the Court such Settlement Class Member's Claim is
accepted), but shall in all other respects be bound by all of the terms of this
Stipulation and the Settlement, including the terms of the Judgment or Alternate
Judgment, if applicable, and the Releases provided for herein and therein, and will
be permanently barred and enjoined from bringing any action, claim or other
proceeding of any kind against any Defendants' Releasees with respect to any
Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission
deadline, a Claim Form shall be deemed to be submitted when postmarked, if
received with a postmark indicated on the envelope and if mailed by first-class mail
and addressed in accordance with the instructions thereon.  In all other cases, the
Claim Form shall be deemed to have been submitted on the date when actually
received by the Claims Administrator;

   (c) Each Claim shall be submitted to and reviewed by the Claims
Administrator who shall determine in accordance with this Stipulation and the plan
of allocation the extent, if any, to which each Claim shall be allowed, subject to
review by the Court pursuant to subparagraph (e) below as necessary;

   (d) Claims that do not meet the submission requirements may be
rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator
shall communicate with the Claimant in writing, to give the Claimant the chance to

remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

      (e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the

Settlement in connection with the processing of Claims.  Defendants shall have no

obligations with respect to such discovery.

27.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel,

for a Class Distribution Order: (a) approving the Claims Administrator's

administrative determinations concerning the acceptance and rejection of the Claims

submitted; (b) approving payment of any administration fees and expenses

associated with the administration of the Settlement from the Escrow Account; and

(c) if the Effective Date has occurred, directing payment of the Net Settlement Fund

to Authorized Claimants from the Escrow Account.

28.    Payment pursuant to the Class Distribution Order shall be final and

conclusive against all Claimants.  All Settlement Class Members whose Claims are

not approved by the Court for payment shall be barred from participating in

distributions from the Net Settlement Fund, but otherwise shall be bound by all of

the terms of this Stipulation and the Settlement, including the terms of the Judgment

or Alternate Judgment, if applicable, to be entered in this Action and the Releases

provided for herein and therein, and will be permanently barred and enjoined from

bringing any action against any and all Defendants' Releasees with respect to any

and all of the Released Plaintiffs' Claims.

29.    No person or entity shall have any claim against Lead Plaintiffs, Lead

Counsel, the Claims Administrator, or any other agent designated by Lead Counsel,

or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.   All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

31.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the

33

Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of November 16, 2021.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38, and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Defendants, collectively, and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the

Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36. In addition to the grounds set forth in ¶ 35 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and

Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

37.     In addition to the grounds set forth in ¶ 35 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel.

## NO ADMISSION OF WRONGDOING

38.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability,

negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be

returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Michelle Yoshida of Phillips ADR, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation

with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged or any admission of wrongdoing on the merits.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court), the distribution of the Net Settlement Fund to Settlement Class Members, and enforcing the permanent injunctions set forth herein.

47.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party to any other Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the

signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that

they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| If to Lead Plaintiffs or Lead Counsel: | Saxena White P.A.<br>Attn:  David R. Kaplan<br>12750 High Bluff Drive, Suite 475<br>San Diego, CA 92130<br>Telephone: (858) 997-0860<br>Facsimile: (858) 369-0096<br>Email: dkaplan@saxenawhite.com |
|---|---|
| | -and- |
| | Bernstein Litowitz Berger &<br>Grossmann LLP<br>Attn:  Jonathan D. Uslaner<br>2121 Avenue of the Stars, Suite 2575<br>Los Angeles, California 90067 |

Telephone:  (310) 819-3480
Facsimile:  (212) 554-1444
Email: jonathanu@blbglaw.com

If to Defendants or Defendants'
Counsel:

King & Spalding LLP
Attn: Paul R. Bessette
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310
Email: pbessette@kslaw.com

57.    Except as otherwise provided herein, each Party shall bear its own

costs.

58.    Whether or not the Stipulation is approved by the Court and whether or

not the Stipulation is consummated, or the Effective Date occurs, the Parties and

their counsel shall use their best efforts to keep all negotiations, discussions, acts

performed, agreements, drafts, documents signed, and proceedings in connection

with the Stipulation confidential.

59.    All agreements made and orders entered during the course of this

Action relating to the confidentiality of information shall survive this Settlement.

60.    No opinion or advice concerning the tax consequences of the proposed

Settlement to individual Settlement Class Members is being given or will be given

by the Parties or their counsel; nor is any representation or warranty in this regard

made by virtue of this Stipulation.  Each Settlement Class Member's tax obligations,

and the determination thereof, are the sole responsibility of the Settlement Class

45

Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of December 21, 2021.

**SAXENA WHITE P.A.**

*David Kaplan*
_____
David R. Kaplan (Bar No. 230144)
dkaplan@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096


**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**


_____
Johnathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, California 90067
Telephone: (310) 819-3480
Facsimile:  (212) 554-1444

***Lead Counsel for Lead Plaintiffs and the Settlement Class***

Member, and it is understood that the tax consequences may vary depending on the

particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation

to be executed, by their duly authorized attorneys, as of December 21, 2021.

**SAXENA WHITE P.A.**

_____

David R. Kaplan (Bar No. 230144)
dkaplan@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096


**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**

_____

Johnathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, California 90067
Telephone: (310) 819-3480
Facsimile:  (212) 554-1444

***Lead Counsel for Lead Plaintiffs and the
Settlement Class***

**KING & SPALDING LLP**

_____
Paul R. Bessette (Bar No. 139675)
pbessette@kslaw.com
Michael J. Biles (Bar No. 186600)
mbiles@kslaw.com
Joseph N. Akrotirianakis (Bar No. 197971)
jakro@kslaw.com
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

*Counsel for Defendants*

# Exhibit A

**SAXENA WHITE P.A.**
David R. Kaplan (Bar No. 230144)
dkaplan@saxenawhite.com
Hani Y. Farah (Bar No. 307622)
hfarah@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone:   (858) 997-0860
Facsimile:    (858) 369-0096

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiffs and
Co-Lead Counsel for the Class*

**Exhibit A**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MERIT MEDICAL SYSTEMS, INC., SECURITIES LITIGATION | No. 8:19-cv-02326-DOC-ADS<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF THE SETTLEMENT** |

WHEREAS, a securities class action is pending in this Court entitled *In re Merit Medical Systems, Inc. Securities Litigation*, No. 8:19-cv-02326-DOC-ADS (the "Action");

WHEREAS, (a) Lead Plaintiffs City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class; and (b) defendants Merit Medical Systems, Inc. ("Merit" or the "Company"), Fred P. Lampropoulos, and Raul Parra (collectively, "Defendants") have determined to settle all claims asserted against Defendants and the other Defendants' Releasees in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 21, 2021 (the "Stipulation"), subject to the approval of the Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion under Rule 23(e)(1) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement in accordance with the Stipulation and authorizing notice of the Settlement to Settlement Class Members as more fully described below;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Proposed Class Certification for Settlement Purposes</u>** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all persons who purchased Merit common stock from February 26, 2019 through October 30, 2019, inclusive (the "Class Period"), and

who were damaged thereby.  Excluded from the Settlement Class are Defendants, the Officers and directors of Merit at all relevant times, and all such excluded persons' Immediate Family Members, legal representatives, heirs, agents, affiliates, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Settlement Class are any persons that exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.    **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, the Court finds that each element required for certification of the Settlement Class for purposes of the proposed Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action for purposes of the proposed Settlement.

3.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that for purposes of the proposed Settlement it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, in accordance with Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it

- 2 -

1   will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair,

2   reasonable, and adequate to the Settlement Class, subject to further consideration at

3   the Settlement Hearing to be conducted as described below.

4        5.   **Settlement Hearing** – The Court will hold a settlement hearing

5   ("Settlement Hearing") on _____ __, 2022 at _:__ _.m. in Courtroom 9D of the

6   Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth

7   Street, Santa Ana, California 92701-4516, for the following purposes: (a) to determine

8   whether the proposed Settlement on the terms and conditions provided for in the

9   Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be

10  finally approved by the Court; (b) to determine whether a Judgment that shall, among

11  other things, provide for the dismissal of the Action with prejudice, should be entered;

12  (c) to determine whether the Settlement Class should be certified for purposes of the

13  Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds

14  of the Settlement is fair and reasonable and should be approved; (e) to determine

15  whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses

16  should be approved; and (f) to consider any other matters that may properly be brought

17  before the Court in connection with the Settlement.  Notice of the Settlement and the

18  Settlement Hearing shall be given to Settlement Class Members as set forth in

19  paragraph 7 of this Order.

20       6.   The Court may adjourn the Settlement Hearing or decide to hold the

21  Settlement Hearing telephonically or by videoconference without further notice to the

22  Settlement Class and may approve the proposed Settlement with such modifications

23  as the Parties may agree to, if appropriate, without further notice to the Settlement

24  Class.

25       7.   **Retention of Claims Administrator and Manner of Giving Notice** –

26  Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims

27  Administrator") to supervise and administer the notice procedure in connection with

28  the proposed Settlement as well as the processing of Claims as more fully set forth

below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within five (5) business days of the date of entry of this Order, Merit shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list (consisting of names and addresses) of the holders of Merit common stock during the Class Period.

(b)     not later than fifteen (15) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail, or emailed, to potential Settlement Class Members, at the addresses set forth in the records provided or caused to be provided by Merit, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, www.MeritMedicalSecuritiesLitigation.com, from which copies of the Notice and Claim Form can be downloaded.  In addition, Lead Counsel shall post the Notice and Claim Form on its website, www.blbglaw.com;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

- 4 -

**8.** **Approval of Form and Content of Settlement Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

**9.** **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Merit common stock during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners  and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims

Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full and timely compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, but will only be reimbursed upon review and approval by the Court.  The Court further requests that all Claimants submit electronic claims forms whenever possible and, in particular, urges Claimants with 40 or more Class Period transactions to file them electronically.

10.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

- 6 -

12.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must

- 7 -

request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Merit Medical Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Merit Medical Systems, Inc. Securities Litigation*, No. 8:19-cv-02326-DOC-ADS (C.D. Cal.)"; (iii) state the number of shares of Merit common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 26, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.    Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action related to the Settlement, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and

- 8 -

1 Settlement and all proceedings, determinations, orders, and judgments in the Action,

2 including, but not limited to, the Judgment or Alternate Judgment, if applicable, and

3 the Releases provided for therein, whether favorable or unfavorable to the Settlement

4 Class; and (d) will be barred from commencing, maintaining, or prosecuting any of

5 the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully

6 described in the Stipulation and Notice.

7      17.   **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement

8 Class Member that does not request exclusion from the Settlement Class may enter an

9 appearance in the Action, at his, her, or its own expense, individually or through

10 counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering

11 a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set

12 forth in paragraph 18 below, such that it is received no later than twenty-one (21) days

13 before the Settlement Hearing.  Any Settlement Class Member who does not enter an

14 appearance will be represented by Lead Counsel.

15      18.   Any Settlement Class Member that does not request exclusion from the

16 Settlement Class may file a written objection to the proposed Settlement, the proposed

17 Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation

18 Expenses and appear and show cause, if he, she, or it has any cause, why the proposed

19 Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for

20 attorneys' fees and Litigation Expenses should not be approved; *provided, however*,

21 that no Settlement Class Member shall be heard or entitled to contest the approval of

22 the terms and conditions of the proposed Settlement, the proposed Plan of Allocation,

23 and/or the motion for attorneys' fees and Litigation Expenses unless that person or

24 entity has filed a written objection with the Court and served copies of such objection

25 on Lead Counsel and Defendants' Counsel at the addresses set forth below such that

26 they are received no later than twenty-one (21) days before the Settlement Hearing.

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

| | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Saxena White P.A. | King & Spalding LLP |
| 4 | David R. Kaplan, Esq. | Paul R. Bessette, Esq. |
| 5 | 12750 High Bluff Drive, Suite 475 | 633 West Fifth Street, Suite 1600 |
| | San Diego, CA 92130 | Los Angeles, CA 90071 |

-and-

Bernstein Litowitz Berger &
Grossmann LLP
Jonathan D. Uslaner, Esq.
2121 Avenue of the Stars, Suite 2575
Los Angeles, California 90067

In addition, any objections must also be emailed to Lead Counsel and Defendants' Counsel at dkaplan@saxenawhite.com, settlements@blbglaw.com and pbessette@kslaw.com by no later than twenty-one (21) days before the Settlement Hearing.

19.    Any objections, filings, and other submissions by the objecting Class Member:  (a) must identify the case name and docket number, *In re Merit Medical Systems, Inc. Securities Litigation*, No. 8:19-cv-02326-DOC-ADS; (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Merit common stock the objecting Settlement Class Member (A) held as of the opening of trading on February 26, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as

the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Settlement Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22. **Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Action and of the

- 11 -

Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23. **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of November 16, 2021, as provided in the Stipulation.

26. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed

to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation no later than thirty-five (35)

calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____, 202__.


_____
The Honorable David O. Carter
United States District Judge

# Exhibit A-1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MERIT MEDICAL SYSTEMS, INC. SECURITIES LITIGATION | No. 8:19-cv-02326-DOC-ADS |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### _A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Central District of California ("Court"), if you purchased the common stock of Merit Medical Systems, Inc. ("Merit" or the "Company") during the period from February 26, 2019 through October 30, 2019, inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 25 below), have reached a proposed settlement of the Action with Defendants (defined below) for **$18,250,000.00** in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to Lead Counsel or the Claims Administrator (_see_ ¶ 70 below).**

    1.    **Description of the Action and the Settlement Class:**  This Notice relates to the proposed Settlement of claims in a pending putative securities class action brought by investors against Merit and certain of its executives. The Defendants are Merit; Fred P. Lampropoulos, the founder and Chief Executive Officer of Merit; and Raul Parra, the Chief Financial Officer of Merit. Lead Plaintiffs allege that Defendants violated the federal securities laws by making false and misleading statements and omissions about Merit's business, including misstatements concerning the integration of two recently acquired companies, Cianna Medical, Inc. ("Cianna") and Vascular

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 21, 2021 ("Stipulation"), which is available at www.MeritMedicalSecuritiesLitigation.com.

Insights, LLC ("Vascular Insights"). A more detailed description of the Action is set forth in ¶¶ 11-24 below. The Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 25 below.

2. **Statement of the Settlement Class's Recovery**: Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $18,250,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share**: Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Merit common stock purchased during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of Merit common stock (before the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $0.81 per share. **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased shares of Merit common stock; (ii) whether they sold their shares of Merit common stock and, if so, when and at what price; and (iii) the total number and value of valid Claims submitted to participate in the Settlement. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the amount of damages per share of Merit common stock that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Lead Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Prior to the final Settlement Hearing, Lead Counsel, Saxena White P. A. and Bernstein Litowitz Berger & Grossman LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Lead Counsel will apply for Litigation Expenses incurred by Lead Counsel in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $250,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Merit

2

common stock, if the Court approves Lead Counsel's attorneys' fees and Litigation Expenses application, is approximately $0.26 per share. **Please note that this amount is only an estimate**.

6.   **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by David R. Kaplan of Saxena White P.A., 12750 High Bluff Drive, Suite 475, San Diego, CA 92130, 1-858-997-0860, dkaplan@saxenawhite.com and Jonathan D. Uslaner of Bernstein Litowitz Berger & Grossmann LLP, 2121 Avenue of the Stars, Los Angeles, CA 90067, 1-800-380-8496, settlements@blbglaw.com.

7.   **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or no recovery at all – might be achieved after a motion for summary judgment, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants are entering into this Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have asserted.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that may allow you to ever be part of any other lawsuit against Defendants or Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court and explaining why you do not like them. You cannot object unless you are a member of the Settlement Class and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2022 AT __:___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, |

| **RECEIVED NO LATER THAN _____, 2022.** | you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____, 2022 at __:___ __.m. Pacific Time – is subject to change without further notice to the Settlement Class. It is also within the Court's discretion to hold the hearing in person or telephonically. If you plan to attend the hearing, you should check the Settlement website, <u>www.MeritMedicalSecuritiesLitigation.com,</u> or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice? ...................................................................................Page 4

What Is This Case About? ....................................................................................Page 5

How Do I Know If I Am Affected By The Settlement?
Who Is Included In The Settlement Class?....................................................Page 7

What Are Lead Plaintiffs' Reasons For The Settlement?.......................................Page 7

What Might Happen If There Were No Settlement? ..............................................Page 8

How Are Settlement Class Members Affected By The Action And The Settlement? ...........Page 8

How Do I Participate In The Settlement?  What Do I Need To Do?....................Page 10

How Much Will My Payment Be?.........................................................................Page 10

What Payment Are The Attorneys For The Settlement Class Seeking?
How Will The Lawyers Be Paid? ...................................................................Page 12

What If I Do Not Want To Be A Member Of The Settlement Class?
How Do I Exclude Myself? ............................................................................Page 12

When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't
Like The Settlement? ....................................................................................Page 13

What If I Bought Shares Of Merit Common Stock On Someone Else's Behalf? ...............Page 15

Can I See The Court File?  Whom Should I Contact If I Have Questions? .........................Page 16

Appendix A: Proposed Plan of Allocation of Net Settlement
Fund Among Authorized Claimants.............................................................Page 17

| **WHY DID I GET THIS NOTICE?** |
|---|

8.     The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased shares of Merit common stock during the Class Period. The Court has directed us to send you this Notice

4

Questions? Visit <u>www.MeritMedicalSecuritiesLitigation.com</u> or call toll-free 1 (877)-242-2522

because, as a potential Settlement Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses ("Settlement Hearing"). *See* ¶¶ 60-61 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11.      Merit is a company that manufactures and sells medical products used for medical procedures to hospitals and physicians. At all relevant times, Merit common stock traded on NASDAQ under the ticker symbol MMSI.

12.      On December 3, 2019, a class action complaint was filed in the United States District Court for the Central District of California (the "Court"), styled *Bucks County Employees Retirement Fund v. Merit Medical Systems, Inc., et* al., Case No. 8:19-cv-02326, alleging violations of the federal securities laws on behalf of persons who purchased Merit common stock between February 26, 2019 and October 30, 2019, inclusive.

13.      On February 3, 2020, City of Atlanta Police Officers' Pension Fund and City of Atlanta Firefighters' Pension Fund (the "Atlanta Funds"), and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("Baton Rouge") filed a joint motion for appointment as lead plaintiffs on behalf of purchasers of Merit common stock from February 26, 2019 through October 30, 2019, inclusive.

14.      On February 24, 2020, the Court ordered that the master docket be recaptioned as *In re Merit Medical Systems, Inc. Securities Litigation*, Master File No. 8:19-cv-02326-DOC-ADS (the "Action") and that any subsequently filed, removed, or transferred actions related to the claims asserted in the Action be consolidated for all purposes; appointed the Atlanta Funds and Baton Rouge as Lead Plaintiffs; and approved Lead Plaintiffs' selection of Saxena White P.A. and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

15.      On March 23, 2020, Defendants served and filed a motion to transfer the case to the District of Utah.  On April 13, 2020, Lead Plaintiffs opposed that motion and on April 27, 2020, Defendants filed and served their reply in support of their motion to transfer.  On May 11, 2020, the Court denied Defendants' motion to transfer venue to the District of Utah.

16.     On June 30, 2020, Lead Plaintiffs served and filed their Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Defendants Merit, Lampropoulos, and Parra under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Lampropoulos and Parra under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements about two of Merit's acquisitions, Cianna Medical and Vascular Insights, including that Merit had successfully integrated Cianna Medical and had maintained its sales force and that Vascular Insights' ClariVein products were driving Merit's growth.  The Complaint further alleged that the price of Merit common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and declined when the truth was allegedly revealed.

17.     On August 14, 2020, Defendants served and filed a motion to dismiss the Complaint.  On September 28, 2020, Lead Plaintiffs served and filed their memorandum of law in opposition to that motion and, on October 22, 2020, Defendants served and filed their reply papers.

18.     On March 16, 2021, the Honorable Autumn D. Spaeth issued a report and recommendation denying Defendants' motions to dismiss the Complaint in large part (the "Report").

19.     On March 30, 2021, Defendants served and filed objections to Judge Spaeth's Report.  On April 13, 2021, Lead Plaintiffs served and filed their response to Defendants' objections.  On May 4, 2021, the Court entered an order adopting Judge Spaeth's Report in full.

20.     On May 24, 2021, Defendants served and filed their Answer and Affirmative Defenses to the Complaint.

21.     Discovery in this Action commenced in May 2021.  Lead Plaintiffs prepared and served initial disclosures, document requests, and interrogatories on Defendants.  Additionally, Lead Plaintiffs prepared and served document subpoenas on five non-parties.  Lead Plaintiffs exchanged numerous letters and held numerous meet and confers with Defendants and third parties concerning discovery issues.  Defendants and non-parties produced over a half-million pages of documents to Lead Plaintiffs.

22.     The Parties agreed to engage in private mediation and retained Michelle Yoshida to act as mediator in the Action.  Pursuant to a schedule set by Ms. Yoshida, the Parties exchanged mediation statements on September 24, 2021, and participated in a full-day, in-person mediation session in Newport Beach, California on October 5, 2021.  The October 5, 2021 mediation session ended without resolution.  Following extensive, additional negotiations overseen by the mediator, Ms. Yoshida made a mediator's recommendation, on a double-blind basis, that the Parties settle the Action for $18,250,000.00, which the Parties accepted on November 16, 2021.

23.     On December 21, 2021, the Parties entered into the Stipulation, which sets forth the full terms and conditions of the Settlement. The Stipulation can be viewed at www.MeritMedicalSecuritiesLitigation.com.

24.     On _____, 20__, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Settlement Class Members and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

25.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class certified by the Court solely for purposes of effectuating the Settlement consists of:

**all persons who purchased Merit common stock from February 26, 2019 through October 30, 2019, inclusive (the "Class Period"), and who were damaged thereby.**

Excluded from the Settlement Class are:  Defendants, the Officers and directors of Merit at all relevant times, and all such excluded persons' Immediate Family Members, legal representatives, heirs, agents, affiliates, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 12 below.

**Please note:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation postmarked (if mailed), or online, no later than _____, 2022.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

26.     Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through the completion of discovery, certification of the class, summary judgment, trial, and appeals, as well as the substantial risks they would face in establishing liability and damages.

27.     Defendants have argued, and would continue to argue, that they did not violate the federal securities laws. More specifically, Defendants have argued, and would continue to argue, that (1) they did not make any misleading statements or omissions; (2) that any alleged misstatements were immaterial; (3) Defendants did not act with "scienter," or fraudulent intent; and (4) Lead Plaintiffs could not prove damages or loss causation with respect to any alleged misleading statements or omissions. Overcoming these arguments would have presented significant challenges to Lead Plaintiffs. First, Lead Plaintiffs faced significant risks in proving that Defendants' statements concerning the post-acquisition integration and performance of Cianna and Vascular Insights were false when made and that Defendants acted with scienter. Lead Plaintiffs also faced significant risks with respect to materiality. Defendants would argue that any misstatements concerning Cianna and Vascular Insights were immaterial as a matter of law because they had a very small impact on Merit's financial results. Finally, establishing loss causation and damages would have been particularly difficult here because on the two alleged corrective disclosure dates (July 25, 2019 and October 30, 2019) Merit also released a considerable amount of other information about Merit's business that was unrelated to the alleged fraud, and thus proving what portion (if any) of the subsequent price declines resulted from the revelation of

7

alleged misstatements (rather than confounding, non-fraud information) would have been difficult and subject to considerable dispute at trial.

28.      In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $18,250,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after full discovery, a class certification motion, summary judgment, trial, and appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.      If there were no Settlement, and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in establishing any of their defenses either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

30.      As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 13 below.

31.      If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you must exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 12 below.

32.      If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 13 below.

33.      If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, or assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 34 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 35 below), and shall

8

forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

34.     "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase of Merit common stock during the Class Period.  Released Plaintiffs' Claims do not include: (i) claims asserted in any ERISA or derivative action based on similar allegations, including *Maute v. Lampropoulos, et al.*, Case No. 2:21-cv-00346-DBP (D. Utah); (ii) claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

35.     "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such, and each of their successors, predecessors, assigns, and assignees.

36.     "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 38 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs'

9

Questions? Visit www.MeritMedicalSecuritiesLitigation.com or call toll-free 1 (877)-242-2522

Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

38.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

39.     "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their current and former parents, affiliates, subsidiaries, officers, directors, agents, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such, and each of their successors, predecessors, assigns, and assignees.

| HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO? |
|---|

40.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.MeritMedicalSecuritiesLitigation.com, no later than _____, 2022***. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.MeritMedicalSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-242-2522, or by emailing the Claims Administrator at info@MeritMedicalSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Merit common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

41.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

42.     Pursuant to the Settlement, Defendants and/or their insurers shall pay or cause to be paid $18,250,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class

10

Questions? Visit www.MeritMedicalSecuritiesLitigation.com or call toll-free 1 (877)-242-2522

Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

44.     Neither Defendants, the Defendants' Releasees, nor any other person or entity who or which paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final. Defendants and the other Defendants' Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

45.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 34 above) against the Defendants' Releasees (as defined in ¶ 35 above) and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims whether or not such Settlement Class Member submits a Claim Form.

47.     Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Merit common stock purchased through the ERISA Plan in any Claim Form they submit in this Action. They should include ONLY those eligible shares of Merit common stock purchased during the Class Period outside of an ERISA Plan.  Claims based on any ERISA Plan's purchases of Merit common stock during the Class Period may be made by the plan's trustees.

48.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

49.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

50.     Only Settlement Class Members, i.e., persons and entities who purchased Merit common stock during the Class Period, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is Merit common stock.

51.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation.**

11

Questions? Visit www.MeritMedicalSecuritiesLitigation.com or call toll-free 1 (877)-242-2522

**The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

| |
|---|
| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?** |

52.     Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class; nor have Lead Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment from the Settlement Fund of Lead Counsel's Litigation Expenses and may apply for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, in a total amount not to exceed $250,000. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

| |
|---|
| **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?** |

53.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit related to the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Merit Medical Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be ***received* no later than _____, 2022**. You will not be able to exclude yourself from the Settlement Class after that date.

54.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Merit Medical Systems, Inc. Securities Litigation*, Master File No. No. 8:19-cv-02326-DOC-ADS (C.D. Cal.)"; (iii) state the number of shares of Merit common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 26, 2019 and (B) purchased/acquired and/or sold during the Class Period (from February 26, 2019 through October 30, 2019, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

55.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 54 and is received within the time stated above, or is otherwise accepted by the Court.

56.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. If you exclude yourself from the Settlement

12

Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

57.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

58.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
| --- |

59.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

60.    <u>**Please Note**</u>: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.MeritMedicalSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.MeritMedicalSecuritiesLitigation.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.MeritMedicalSecuritiesLitigation.com.**

61.    The Settlement Hearing will be held on _____, 2022 at __:___ __.m., Eastern Time before the Honorable David O. Carter at the United States District Court for the Central District of California, Courtroom 9D, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to

13

the Settlement at or after the Settlement Hearing without further notice to the members of the
Settlement Class.

62. Any Settlement Class Member who or which does not request exclusion may object
to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys'
fees and Litigation Expenses. Objections must be in writing. You must file any written objection,
together with copies of all other papers and briefs supporting the objection, with the Clerk's Office
at the United States District Court for the Central District of California at the address set forth
below as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth
below **on or before _____, 2022**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court | Saxena White P.A. | King & Spalding LLP |
| United States District Court for | David R. Kaplan, Esq. | Paul R. Bessette, Esq. |
| the Central District of California, | 12750 High Bluff Drive, Suite 475 | 633 West Fifth Street, Suite 1600 |
| Southern Division | San Diego, CA 92130 | Los Angeles, CA 90071 |
| 411 West 4th Street, Room 1053 | | New York, NY 10018 |
| Santa Ana, CA 92701-4516 | | |
| | Bernstein Litowitz Berger & | |
| | Grossmann LLP | |
| | Jonathan D. Uslaner, Esq. | |
| | 2121 Avenue of the Stars | |
| | Los Angeles, CA 90067 | |

You must also **email** the objection and any supporting papers on or before _____, 2022 to
dkaplan@saxenawhite.com, settlements@blbglaw.com and pbessette@kslaw.com.

63. Any objections, filings, and other submissions by the objecting Settlement Class
Member: (a) must identify the case name and docket number, *In re Merit Medical Systems, Inc.
Securities Litigation*, No. 8:19-cv-02326-DOC-ADS (C.D. Cal.); (b) must state the name, address,
and telephone number of the person or entity objecting and must be signed by the objector; (c) must
state with specificity the grounds for the Settlement Class Member's objection, including any legal
and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and
whether the objection applies only to the objector, to a specific subset of the Settlement Class, or
to the entire Settlement Class; and (d) must include documents sufficient to prove membership in
the Settlement Class, including the number of shares of Merit common stock that the objecting
Settlement Class Member (A) held as of the opening of trading on February 26, 2019 and
(B) purchased/acquired and/or sold during the Class Period (from February 26, 2019 through
October 30, 2019, inclusive), as well as the date, number of shares, and price of each such
purchase/acquisition and sale. The objecting Settlement Class Member shall provide
documentation establishing membership in the Settlement Class through copies of brokerage
confirmation slips or monthly brokerage account statements, or an authorized statement from the

14

Questions? Visit www.MeritMedicalSecuritiesLitigation.com or call toll-free 1 (877)-242-2522

objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

64. **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

65. You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (i) you first submit a written objection in accordance with the procedures described above and (ii) you first submit your notice of appearance in accordance with the procedures described below; unless the Court orders otherwise.

66. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 62 above so that it is *received* **on or before _____, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

67. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 62 above so that the notice is *received* **on or before _____, 2022**.

68. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award** of **attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES OF MERIT COMMON STOCK ON SOMEONE ELSE'S BEHALF?

69. If you purchased or otherwise acquired Merit common stock during the period from February 26, 2019 through October 30, 2019, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to *Merit Medical Securities Litigation*, c/o A.B. Data, Ltd., Attn: Fulfillment Dept., P.O. Box 173117, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by

15

Questions? Visit www.MeritMedicalSecuritiesLitigation.com or call toll-free 1 (877)-242-2522

providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.MeritMedicalSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-877-242-2522, or by emailing the Claims Administrator at info@MeritMedicalSecuritiesLitigation.com.

| CAN I SEE THE COURT FILE? |
| :--: |
| **WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

70.     This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.MeritMedicalSecuritiesLitigation.com. Copies of any related orders entered by the Court and certain other filings in this Action will be also posted on this website. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Central District of California, Southern Division, 411 West 4th Street, Room 1053, Santa Ana, CA 92701-4516.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
| --- | :--: | --- |
| *Merit Medical Securities Litigation* | and/or | David R. Kaplan, Esq. |
| c/o A.B. Data, Ltd. | | Saxena White P.A. |
| P.O. Box 173117 | | 12750 High Bluff Drive, Suite 475 |
| Milwaukee, WI 53217 | | San Diego, CA 92130 |
| | | 1-858-997-0860, |
| 1-877-242-2522 | | dkaplan@saxenawhite.com |
| info@MeritMedicalSecuritiesLitigation.com | | |
| www.MeritMedicalSecuritiesLitigation.com | | |
| | | or |
| | | Jonathan D. Uslaner, Esq. |
| | | Bernstein Litowitz Berger & Grossmann LLP |
| | | 2121 Avenue of the Stars |
| | | Los Angeles, CA 90067 |
| | | 1-800-380-8496 |
| | | settlements@blbglaw.com |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2022                    By Order of the Court
                                            United States District Court
                                            for the Central District of California

16

Questions? Visit www.MeritMedicalSecuritiesLitigation.com or call toll-free 1 (877)-242-2522

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

1.      The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification to the Plan will be posted on the website www.MeritMedicalSecuritiesLitigation.com. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Plan of Allocation.

2.      The objective of the Plan is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint. The calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan are only a method to weigh the claims of Claimants against one another for the purposes of making a *pro rata* allocation of the Net Settlement Fund.

3.      In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per-share closing price of Merit common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating this estimated alleged artificial inflation, Lead Plaintiffs' damages expert considered the price changes in Merit common stock on July 26, 2019 and October 31, 2019, following the alleged corrective disclosures, adjusting for price changes on each day that were attributable to market or industry forces or that would likely have been attributed to non-fraud-related confounding information released on the same day.

4.      For losses to be compensable damages under the applicable laws (Sections 10(b) and 20(a) of the Exchange Act), the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Merit common stock. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from February 26, 2019 through October 30, 2019, inclusive, which had the effect of artificially inflating the price of Merit common stock. Lead Plaintiffs further allege that corrective information was released to the market after the close of trading on July 25, 2019, which removed artificial inflation from the price of Merit common stock on July 26, 2019, and after the close of trading on October 30, 2019, which removed artificial inflation from the price of Merit common stock on October 31, 2019.

5.      Recognized Loss Amounts under the Plan are based primarily on the difference in the amount of alleged artificial inflation in the price of Merit common stock at the time of purchase and the time of sale. Accordingly, in order to have a Recognized Loss Amount, a Settlement Class Member who purchased Merit common stock from February 26, 2019 through July 25, 2019, inclusive, must have held his, her, or its shares until at least the close of trading on July 25, 2019, and a Settlement Class Member who purchased Merit common stock from July 26, 2019 through October 30, 2019, inclusive, must have held his, her, or its shares until at least the close of trading on October 30, 2019.

## **CALCULATION OF RECOGNIZED LOSS AMOUNTS**

6. A "**Recognized Loss Amount**" will be calculated as set forth below for each share of Merit common stock purchased from February 26, 2019 through October 30, 2019, inclusive, that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

7. For each share of Merit common stock purchased from February 26, 2019 through July 25, 2019, inclusive, and:

(a) sold before the close of trading on July 25, 2019, the **Recognized Loss Amount** is $0;

(b) sold from July 26, 2019 through the close of trading on October 30, 2019, the **Recognized Loss Amount** is *the lesser of*: (i) $0.34 or (ii) the purchase price *minus* the sale price;

(c) sold from October 31, 2019 through the close of trading on January 28, 2020, the **Recognized Loss Amount** is *the least of*: (i) $2.57; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between October 31, 2019 and the date of sale as stated in Table A;

(d) held as of the close of trading on January 28, 2020, the **Recognized Loss Amount** is *the lesser of*: (i) $2.57; or (ii) the purchase price *minus* $30.40.[2]

8. For each share of Merit common stock purchased from July 26, 2019 through October 30, 2019, inclusive, and:

(e) sold before the close of trading on October 30, 2019, the **Recognized Loss Amount** is $0;

(f) sold from October 31, 2019 through the close of trading on January 28, 2020, the **Recognized Loss Amount** is *the least of*: (i) $2.23; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between October 31, 2019 and the date of sale as stated in Table A;

(g) held as of the close of trading on January 28, 2020, the **Recognized Loss Amount** is *the lesser of*: (i) $2.23; or (ii) the purchase price *minus* $30.40.[3]

---

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Merit common stock during the "90-day look-back period," from October 31, 2019 through January 28, 2020. The mean (average) closing price for Merit common stock during this 90-day look-back period was $30.40.

[3] See fn. 2 above.

## ADDITIONAL PROVISIONS

9.      The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 18 below) is $10.00 or greater.

10.     **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases of Merit common stock during the Class Period.

11.     **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Merit common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

12.     **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions. If a claimant acquired Merit common stock during the Class Period as a result of a merger or through the conversion of another security, that acquisition shall be treated as an eligible purchase, but the "purchase" price applied to that acquisition shall be the closing market price of Merit common stock on the date the shares are received.

13.     **"Purchase/Sale" Dates:** Purchases and sales of Merit common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  However, the receipt or grant by gift, inheritance, or operation of law of Merit common stock during the Class Period shall not be deemed an eligible purchase or sale for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the stock unless (i) the donor or decedent purchased the Merit common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

14.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Merit common stock. The date of a "short sale" is deemed to be the date of sale of the Merit common stock. In accordance with the Plan, however, the Recognized Loss Amount on "short sales" is zero.

15.     **Shares Purchased/Sold Through the Exercise of Options:** Option contracts to purchase or sell Merit common stock are not securities eligible to participate in the Settlement. With respect to Merit common stock purchased or sold through the exercise of an option, the purchase/sale date of the Merit common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

16.     **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Merit common stock during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's

19

Questions? Visit www.MeritMedicalSecuritiesLitigation.com or call toll-free 1 (877)-242-2522

Total Purchase Amount[4] and (ii) the sum of the Claimant's Total Sales Proceeds[5] and the
Claimant's Holding Value.[6] If the Claimant's Total Purchase Amount minus the sum of the
Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be
the Claimant's Market Loss; if the number is a negative number or zero, that number will be the
Claimant's Market Gain.

17.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions
in Merit common stock during the Class Period, the value of the Claimant's Recognized Claim
will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered
an overall Market Loss with respect to his, her, or its overall transactions in Merit common stock
during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then
the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

18.     **Determination of Distribution Amount:**  The Net Settlement Fund will be
distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their
Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized
Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total
Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net
Settlement Fund.

19.     If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it
will not be included in the calculation and no distribution will be made to that Authorized Claimant.

20.     After the initial distribution of the Net Settlement Fund, the Claims Administrator
will make reasonable and diligent efforts to have Authorized Claimants cash their distribution
checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution,
if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective
to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will
conduct a further distribution of the funds remaining after payment of any unpaid fees and
expenses incurred in administering the Settlement, including for such distribution, to Authorized
Claimants who have cashed their initial distributions and who would receive at least $10.00 from
such distribution. Additional distributions to Authorized Claimants who have cashed their prior
checks and who would receive at least $10.00 on such additional distributions may occur thereafter
if Lead Counsel, in consultation with the Claims Administrator, determines that additional
distributions, after the deduction of any additional fees and expenses incurred in administering the
Settlement, including for such additional distributions, would be cost-effective. At such time as it
is determined that further re-distribution of funds remaining in the Net Settlement Fund is not cost-

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and
commissions) for all shares of Merit common stock purchased during the Class Period.

[5] The Claims Administrator shall match any sales of Merit common stock during the Class Period first
against the Claimant's opening position in Merit common stock (the proceeds of those sales will not be
considered for purposes of calculating market gains or losses). The total amount received (not deducting
any fees, taxes and commissions) for sales of the remaining shares of Merit common stock sold during the
Class Period is the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" of $20.66 to each share of Merit common stock
purchased during the Class Period that was still held as of the close of trading on October 30, 2019. The
Holding Value is based on the closing price of Merit common stock on October 31, 2019.

effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

21.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or any order of the Court.

**TABLE A**

**90-Day Look-Back Table for Merit Common Stock
(Average Closing Price: October 31, 2019 – January 28, 2020)**

| Sale Date | Average Closing Price from September 30, 2016 through Date | Sale Date | Average Closing Price from September 30, 2016 through Date |
|---|---|---|---|
| 10/31/2019 | 20.66 | 12/13/2019 | 27.23 |
| 11/1/2019 | 22.41 | 12/16/2019 | 27.32 |
| 11/4/2019 | 23.42 | 12/17/2019 | 27.42 |
| 11/5/2019 | 24.06 | 12/18/2019 | 27.53 |
| 11/6/2019 | 24.68 | 12/19/2019 | 27.65 |
| 11/7/2019 | 24.88 | 12/20/2019 | 27.76 |
| 11/8/2019 | 25.14 | 12/23/2019 | 27.88 |
| 11/11/2019 | 25.21 | 12/24/2019 | 27.98 |
| 11/12/2019 | 25.26 | 12/26/2019 | 28.07 |
| 11/13/2019 | 25.33 | 12/27/2019 | 28.15 |
| 11/14/2019 | 25.41 | 12/30/2019 | 28.21 |
| 11/15/2019 | 25.50 | 12/31/2019 | 28.28 |
| 11/18/2019 | 25.59 | 1/2/2020 | 28.36 |
| 11/19/2019 | 25.68 | 1/3/2020 | 28.45 |
| 11/20/2019 | 25.77 | 1/6/2020 | 28.56 |
| 11/21/2019 | 25.85 | 1/7/2020 | 28.66 |
| 11/22/2019 | 25.94 | 1/8/2020 | 28.76 |
| 11/25/2019 | 26.07 | 1/9/2020 | 28.87 |
| 11/26/2019 | 26.18 | 1/10/2020 | 28.99 |
| 11/27/2019 | 26.28 | 1/13/2020 | 29.10 |
| 11/29/2019 | 26.36 | 1/14/2020 | 29.29 |
| 12/2/2019 | 26.43 | 1/15/2020 | 29.44 |
| 12/3/2019 | 26.50 | 1/16/2020 | 29.58 |
| 12/4/2019 | 26.58 | 1/17/2020 | 29.72 |
| 12/5/2019 | 26.66 | 1/21/2020 | 29.84 |
| 12/6/2019 | 26.75 | 1/22/2020 | 29.95 |
| 12/9/2019 | 26.86 | 1/23/2020 | 30.07 |
| 12/10/2019 | 26.94 | 1/24/2020 | 30.18 |
| 12/11/2019 | 27.05 | 1/27/2020 | 30.28 |
| 12/12/2019 | 27.15 | 1/28/2020 | 30.40 |

# Exhibit A-2

Exhibit A-2

***Merit Medical Securities Litigation***
**Toll-Free Number:  1-877-242-2522**
**Email:  info@MeritMedicalSecuritiesLitigation.com**
**Website:  www.MeritMedicalSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it, with supporting documentation, either online at www.MeritMedicalSecurities Litigation.com, **no later than _____, 2022**, or mail it *postmarked* **no later than _____, 2022**.

### Mail to:

***Merit Medical Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173117**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN**<br>       **MERIT COMMON STOCK (MMSI, CUSIP: 589889104)** | **6** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **8** |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name

Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name

Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City

State/Province   Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA

☐ Partnership   ☐ Estate   ☐ Trust   ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.     It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* the definition of the Settlement Class on page [__] of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.     **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.     Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, common stock of Merit Medical Systems, Inc. ("Merit"). On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Merit common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.     **Please note**: Only Merit common stock purchased during the Class Period (*i.e.*, from February 26, 2019 through October 30, 2019, inclusive) is eligible under the Settlement. However, sales of Merit common stock during the period from October 31, 2019 through and including the close of trading on January 28, 2020, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition and sale/disposition information during this period must also be provided.

6.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Merit common stock as set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker

containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Merit common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7. Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Merit common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the Merit common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of Merit common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Merit common stock made on behalf of a single beneficial owner.

9. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

 (a) expressly state the capacity in which they are acting;

 (b) identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Merit common stock; and

 (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10. By submitting a signed Claim Form, you will be swearing that you:

 (a) own(ed) the Merit common stock you have listed in the Claim Form; or

 (b) are expressly authorized to act on behalf of the owner thereof.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@MeritMedicalSecuritiesLitigation.com, or by toll-free phone at 1-877-242-2522, or you can visit the Settlement website, www.MeritMedicalSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.MeritMedicalSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@MeritMedicalSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@MeritMedicalSecuritiesLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-242-2522.**

## PART III – SCHEDULE OF TRANSACTIONS IN MERIT COMMON STOCK

Use this section to provide information on your holdings and trading of Merit common stock during the requested time periods.  Merit common stock trades on the NASDAQ under the symbol **MMSI**, CUSIP: 589889104.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above.  Do not include information regarding securities other than Merit common stock.

| | |
|---|---|
| **1.  HOLDINGS AS OF FEBRUARY 26, 2019** – State the total number of shares of Merit common stock held as of the opening of trading on February 26, 2019.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ☐ |

**2.  PURCHASES/ACQUISITIONS FROM FEBRUARY 26, 2019 THROUGH OCTOBER 30, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Merit common stock from after the opening of trading on February 26, 2019 through and including the close of trading on October 30, 2019.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3.  PURCHASES/ACQUISITIONS FROM OCTOBER 31, 2019 THROUGH JANUARY 28, 2020** – State the total number of shares of Merit common stock purchased/acquired (including free receipts) from after the opening of trading on October 31, 2019 through and including the close of trading on January 28, 2020.  (Must be documented.)  If none, write "zero" or "0."[1] _____

| | |
|---|---|
| **4.  SALES FROM FEBRUARY 26, 2019 THROUGH JANUARY 28, 2020, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Merit common stock from after the opening of trading on February 26, 2019 through and including the close of trading on January 28, 2020. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of Merit common stock from October 31, 2019 through and including the close of trading on January 28, 2020 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| **5. HOLDINGS AS OF JANUARY 28, 2020 –** State the total number of shares of Merit common stock held as of the close of trading on January 28, 2020.  (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ☐ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant(s) did **not** submit a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Merit common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another;

5.      that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

6.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Merit common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

7.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

10.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                    Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                      Date

_____
Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____
Signature of person signing on behalf of claimant             Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page 4 of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-877-242-2522.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@MeritMedicalSecuritiesLitigation.com, or by toll-free phone at 1-877-242-2522, or you may visit www.MeritMedicalSecuritiesLitigation.com.  DO NOT call Merit or its counsel with questions regarding your claim.


THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.MERITMEDICALSECURITIES LITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2022.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Merit Medical Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173117**
**Milwaukee, WI 53217**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#3070176

# Exhibit A-3

Exhibit A-3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MERIT MEDICAL SYSTEMS, INC. SECURITIES LITIGATION | No. 8:19-cv-02326-DOC-ADS |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION
## AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING;
## AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons and entities who purchased the common stock of Merit Medical Systems, Inc. ("Merit") during the period from February 26, 2019 through October 30, 2019, inclusive (the "Class Period"), and who were damaged thereby (the "Settlement Class"):[1]**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California (the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge have reached a proposed settlement of the Action for $18,250,000.00 in cash (the "Settlement") on behalf of the Settlement Class, that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2022 at _:___ _.m., before the Honorable David O. Carter, at the United States District Court for the Central District of California, Courtroom 9D, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Merit Medical Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173117, Milwaukee, WI 53217, 1-877-242-2522.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.MeritMedicalSecuritiesLitigation.com

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online,* **no later than _____, 2022**, in accordance with the instructions set forth in the Claim Form.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in connection with the Settlement.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than _____, 2022**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action related to the Settlement and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than _____, 2022**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Merit, the other Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

<table>
<tr><td>SAXENA WHITE P.A.<br>David R. Kaplan<br>12750 High Bluff Drive, Suite 475<br>San Diego, CA 92130<br>1-858-997-0860<br>dkaplan@saxenawhite.com</td><td>BERNSTEIN LITOWITZ BERGER& GROSSMANN LLP<br>Jonathan D. Uslaner<br>2121 Avenue of the Stars, Suite 2575<br>Los Angeles, California 90067<br>1-800-380-8496<br>settlements@blbglaw.com</td></tr>
</table>

Requests for the Notice and Claim Form should be made to:

*Merit Medical Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173117
Milwaukee, WI  53217

1-877-242-2522
www.MeritMedicalSecuritiesLitigation.com

By Order of the Court

# Exhibit B

**Exhibit B**

**SAXENA WHITE P.A.**
David R. Kaplan (Bar No. 230144)
dkaplan@saxenawhite.com
Hani Y. Farah (Bar No. 307622)
hfarah@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone:   (858) 997-0860
Facsimile:   (858) 369-0096

**BERNSTEIN LITOWITZ BERGER**
**  & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiffs and*
*Co-Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MERIT MEDICAL SYSTEMS, INC., SECURITIES LITIGATION | No. 8:19-cv-02326-DOC-ADS<br><br>**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, a securities class action is pending in this Court entitled *In re Merit Medical Systems, Inc. Securities Litigation*, No. 8:19-cv-02326-DOC-ADS (the "Action");

WHEREAS, (a) Lead Plaintiffs City of Atlanta Police Officers' Pension Fund, City of Atlanta Firefighters' Pension Fund, and Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class; and (b) defendants Merit Medical Systems, Inc. ("Merit" or the "Company"), Fred P. Lampropoulos, and Raul Parra (collectively, "Defendants") have entered into a Stipulation and Agreement of Settlement dated December 21, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 202__ (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered

- 1 -

dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on December 22, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____ __, 2022.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who purchased Merit common stock from February 26, 2019 through October 30, 2019, inclusive (the "Class Period"), and who were damaged thereby.  Excluded from the Settlement Class are Defendants, the Officers and directors of Merit at all relevant times, and all such excluded persons' Immediate Family Members, legal representatives, heirs, agents, affiliates, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest.  [Also excluded from the Settlement Class are any persons or entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4. **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the

members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.     **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

- 3 -

1  Constitution (including the Due Process Clause), the Private Securities Litigation

2  Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and

3  rules.  The Court further finds that the notice requirements set forth in the Class Action

4  Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

5       7.   **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and

6  in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court

7  hereby fully and finally approves the Settlement set forth in the Stipulation in all

8  respects (including, without limitation, the amount of the Settlement, the Releases

9  provided for therein, and the dismissal with prejudice of the claims asserted against

10  Defendants in the Action), and finds that the Settlement is, in all respects, fair,

11  reasonable and adequate to the Settlement Class.  Specifically, the Court finds that (a)

12  Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

13  (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided

14  under the Settlement is adequate taking into account the costs, risks, and delay of trial

15  and appeal, the proposed means of distributing the Settlement Fund to the Settlement

16  Class, and the proposed attorneys' fee award; and (d) the Settlement treats members

17  of the Settlement Class equitably relative to each other.  The Parties are directed to

18  implement, perform, and consummate the Settlement in accordance with the terms and

19  provisions contained in the Stipulation.

20       8.   The Action and all of the claims asserted against Defendants in the Action

21  by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with

22  prejudice as to all Defendants.  The Parties shall bear their own costs and expenses,

23  except as otherwise expressly provided in the Stipulation.

24       9.   **Binding Effect** – The terms of the Stipulation and of this Judgment shall

25  be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class

26  Members (regardless of whether or not any individual Settlement Class Member

27  submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund),

28  as well as their respective successors and assigns.  [The persons and entities listed on

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT

1   Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are
2   not bound by the terms of the Stipulation or this Judgment.]

3       10.   **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation,
4   together with the definitions contained in paragraph 1 of the Stipulation relating
5   thereto, are expressly incorporated herein in all respects.  The Releases are effective
6   as of the Effective Date.  Accordingly, this Court orders that:

7       (a)    Without further action by anyone, and subject to paragraph 11
8   below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other
9   Settlement Class Members, on behalf of themselves, and their respective heirs,
10  executors, administrators, predecessors, successors, and assigns, in their capacities as
11  such, shall be deemed to have, and by operation of law and of this Judgment shall
12  have, fully, finally, and forever compromised, settled, released, resolved, relinquished,
13  waived, and discharged each and every Released Plaintiffs' Claim against Defendants
14  and the other Defendants' Releasees, and shall forever be barred and enjoined from
15  prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants'
16  Releasees.

17      (b)    Without further action by anyone, and subject to paragraph 11
18  below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves,
19  and their respective heirs, executors, administrators, predecessors, successors, and
20  assigns, in their capacities as such, shall be deemed to have, and by operation of law
21  and of this Judgment shall have, fully, finally, and forever compromised, settled,
22  released, resolved, relinquished, waived, and discharged each and every Released
23  Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall
24  forever be barred and enjoined from prosecuting any or all of the Released Defendants'
25  Claims against any of the Plaintiffs' Releasees.  [This Release shall not apply to any
26  person or entity listed on Exhibit 1 hereto.]

27

28

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT

11.     Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **No Admissions** – Neither this Judgment, the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, or the approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was, could have been, or could in the future be asserted or the deficiency of any defense that has been, could have been, or could in the future be asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their

- 6 -

claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including enforcement of the permanent injunctions included therein; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to

agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of November 16, 2021, as provided in the Stipulation.

18.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.


_____
The Honorable David O. Carter
United States District Judge

- 8 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class**

**Pursuant to Request]**

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT