**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Hani Y. Farah (SBN 307622)
hfarah@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone:   (858) 997-0860
Facsimile:    (858) 369-0096

*Attorneys for Lead Plaintiffs the Atlanta
Funds and Co-Lead Counsel for the
Proposed Settlement Class*

[Additional counsel appear on signature
page]

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
Jonathan D. Uslaner (SBN 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (SBN 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3472

*Attorneys for Lead Plaintiff Baton
Rouge and Co-Lead Counsel for the
Proposed Settlement Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE MERIT MEDICAL SYSTEMS, INC. SECURITIES LITIGATION | Case No. 8:19-cv-2326-DOC-ADS <br><br> **REPLY IN FURTHER SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** <br><br> Judge:    Hon. David O. Carter <br> Courtroom: 9D <br> Date:     April 13, 2022 <br> Time:     8:30 a.m. |

REPLY IN FURTHER SUPPORT OF MOTIONS
FOR FINAL SETTLEMENT APPROVAL
AND ATTORNEYS' FEES AND EXPENSES
CASE NO. 8:19-cv-2326-DOC-ADS

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................................1

II.   THE REACTION OF THE SETTLEMENT CLASS SUPPORTS
      APPROVAL OF THE SETTLEMENT, THE PLAN OF
      ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES
      AND LITIGATION EXPENSES.................................................................................2

      A.    The Court-Approved Notice Program .......................................................2

      B.    The Reaction of the Settlement Class Supports Approval of
            the Settlement and Plan of Allocation .....................................................3

      C.    The Reaction of the Settlement Class Supports Approval of
            the Fee and Expense Request ...................................................................5

III.  CONCLUSION.............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cheng Jiangchen v. Rentech, Inc.*,
   2019 WL 5173771 (C.D. Cal. Oct. 10, 2019).......................................................3, 5

*Destefano v. Zynga, Inc.*,
   2016 WL 537946 (N.D. Cal. Feb. 11, 2016) .......................................................4

*Hefler v. Wells Fargo & Co.*,
   2018 WL 6619983 (N.D. Cal. Dec. 18, 2018).......................................................5, 6

*In re Extreme Networks, Inc. Sec. Litig.*,
   2019 WL 3290770 (N.D. Cal. July 22, 2019).......................................................4, 5

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. June 10, 2005).......................................................5, 6

*In re Nuvelo, Inc. Secs. Litig.*,
   2011 WL 2650592 (N.D. July 6, 2011) .......................................................5

*In re Regulus Therapeutics Inc. Sec. Litig.*,
   2020 WL 6381898 (S.D. Cal. Oct. 30, 2020) .......................................................5

*Patel v. Axesstel, Inc.*,
   2015 WL 6458073 (S.D. Cal. Oct. 23, 2015) .......................................................4, 5

*Sudunagunta v. NantKwest, Inc.*,
   2019 WL 2183451 (C.D. Cal. May 13, 2019) .......................................................4

**Statutes**

28 U.S.C. § 1715(b).......................................................2

Court-appointed Lead Plaintiffs, City of Atlanta Police Pension Fund and City of Atlanta Firefighters' Pension Fund (collectively, the "Atlanta Funds"), and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("Baton Rouge" and, together with the Atlanta Funds, the "Lead Plaintiffs") respectfully submit this memorandum in further support of (i) Lead Plaintiffs' motion for final approval of the Settlement and approval of the proposed Plan of Allocation (ECF No. 107); and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses (ECF No. 109) (together, the "Motions").[1]

## I.   INTRODUCTION

The overwhelmingly positive reaction of the Settlement Class confirms that the proposed $18.25 million Settlement here is an excellent result.  Following a robust Court-approved notice program—including mailing a total of 25,886 Notice Packets to potential Settlement Class Members and nominees and publication of a summary notice in multiple media—not a single member of the Settlement Class objected to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses.  Further, not a single institutional investor has requested exclusion from the Settlement Class in connection with the Settlement, and only one request for exclusion was received from an individual investor who purchased a *de minimis* number of shares and was not damaged by the alleged fraud.

In addition, Lead Plaintiffs—sophisticated, institutional investors with billions of dollars in combined assets under management—have expressly endorsed in sworn declarations the Settlement, Plan of Allocation, and requested attorneys' fees and expenses.  *See* ECF Nos. 111-1, ¶¶7-12, 15; and 111-2, ¶¶7-9, 13.

---

[1] Unless otherwise noted, capitalized terms have the meaning set forth in the Stipulation and Agreement of Settlement (ECF No. 105-1), all internal citations and quotation marks are omitted, and all emphasis is added.

As explained herein, this favorable reaction of the Settlement Class further supports a finding that the proposed Settlement, Plan of Allocation, and motion for attorneys' fees and Litigation Expenses are all fair and reasonable and should be approved.  Accordingly, the Motions should be granted.

## II. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate that the Settlement, Plan of Allocation, and request for attorneys' fees are fair and reasonable.  Now that the time for submitting objections and exclusions has passed, the lack of any objections and single request for exclusion provide additional strong support for approval of the Motions.

### A. The Court-Approved Notice Program

Pursuant to the Court's Preliminarily Approval Order (ECF No. 106), the Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), conducted a robust notice program under Lead Counsel's supervision, which included mailing over 25,000 Notice Packets to potential Settlement Class Members and nominees, publishing the Summary Notice in *Investor's Business Daily* and over *PR Newswire*, and posting the Notice, along with the opening papers, on the dedicated website for the Action— www.MeritMedicalSecuritiesLitigation.com.[2]

---

[2] The notice program is described in the previously filed Declaration of Eric J. Miller Regarding (A) Mailing of the Notice and Proof of Claim Form; (B) Proof of Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date, dated March 8, 2022 (ECF No. 111-3), at ¶¶2-12. *See also* Supplemental Declaration of Eric J. Miller ("Suppl. Miller Decl."), attached hereto as Exhibit 1, at ¶2. In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), notice of the Settlement was also provided by Defendants

The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $250,000.  *See* Notice ¶¶2-3, 5; Appendix A ¶¶3-8, 10, 18.  The Notice also advised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses, and the March 23, 2022 deadline for doing so.  *See* Notice at pp. 3-4 and ¶¶53-57, 62-68.[3]  Following this extensive notice program, ***not a single*** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Moreover, only ***one*** individual has requested exclusion from the Settlement Class.

In short, following a comprehensive notice program, the Settlement Class's reaction to the Settlement has been overwhelmingly positive.

**B.** **The Reaction of the Settlement Class Supports Approval of the Settlement and Plan of Allocation**

"The absence of any objections to the Settlement [] among Class Members supports final approval."  *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *7 (C.D. Cal. Oct. 10, 2019); *see Sudunagunta v. NantKwest, Inc.*, 2019 WL 2183451, at *5 (C.D. Cal. May 13, 2019) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong

---

to the United States Attorney General and the Attorneys General of all U.S. states and territories.  ECF No. 113.

[3]  As noted above, the Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim Forms and objections, was published in *Investor's Business Daily* and released over the *PR Newswire*.

presumption that the terms of a proposed class settlement action are favorable to the class members"). Indeed, courts have found that "[t]he absence of a single objection to the settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate." *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at *6 (S.D. Cal. Oct. 23, 2015).

Furthermore, the fact that there was only one request for exclusion from the Settlement Class further supports final approval. *See In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal.) ("[T]here were only two requests for exclusion … This positive response from the class confirms that the settlement is fair and reasonable."); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *14 (N.D. Cal. Feb. 11, 2016) ("the small number of exclusions representing a very small portion of the total shares at issue further supports settlement"). Notably, the single individual investor who requested exclusion purchased just 20 shares of Merit common stock during the Class Period, sold those shares for a gain before the first corrective disclosure, and thus suffered no damage from the alleged fraud and was not even a member of the Settlement Class to start with. *See* Exhibit 1 to Suppl. Miller Decl. Of further note, the single exclusion request does not criticize or take issue with any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses. *Id*.

Moreover, the absence of any objections from institutional investors, sophisticated investors with ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See Extreme Networks*, 2019 WL 3290770, at *9 ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *In re Regulus Therapeutics Inc. Sec. Litig.*, 2020 WL 6381898, at *6 (S.D. Cal. Oct. 30, 2020) (same); *Hefler v.*

*Wells Fargo & Co.*, 2018 WL 6619983, at *9 (N.D. Cal. Dec. 18, 2018) ("[T]hat not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness.").

The lack of objections also supports approval of the Plan of Allocation. *See, e.g.*, *Axesstel*, 2015 WL 6458073, at *7 (approving plan of allocation where it "was laid out in detail in the notice, and no class members objected"); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

**C.    The Reaction of the Settlement Class Supports Approval of the Fee and Expense Request**

The overwhelmingly positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for attorneys' fees and Litigation Expenses. Respectfully, the absence of ***any*** objections by Settlement Class Members to the requested fees and expenses supports a finding that these requests are fair and reasonable. *See, e.g.*, *Rentech*, 2019 WL 5173771, at *10 ("no objections . . . supports granting the requested fees" of one-third of the settlement fund); *Axesstel*, 2015 WL 6458073, at *8 (S.D. Cal. Oct. 23, 2015) ("lack of any objection from the class members" supported approval of "the requested 30% attorneys' fee award"); *In re Nuvelo, Inc. Secs. Litig.*, 2011 WL 2650592, at *3 (N.D. July 6, 2011) (finding only one objection to the fee request to be "a strong positive response from the class, supporting an upward adjustment of the benchmark [fee award]"); *Heritage Bond*, 2005 WL 1594403, at 21 ("The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable.").

Additionally, "[a]s with the Settlement itself, the lack of objections from institutional investors who presumably had the means, the motive, and the

sophistication to raise objections weighs in favor of approval" of the requested attorneys' fees. *See Wells Fargo*, 2018 WL 6619983, at \*15.

## III.   CONCLUSION

Based on the foregoing and for all of the reasons discussed in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement and the Plan of Allocation, and approve the motion for attorneys' fees and Litigation Expenses.

Attached hereto as Exhibit 2 is a copy of the proposed Judgment Approving Class Action Settlement, which is the same as the Judgment previously submitted to the Court as Exhibit B to the Stipulation (ECF No. 105-1), except that certain dates and the list of persons excluded from the Settlement Class have been filled in. Attached hereto as Exhibits 3 and 4, respectively, are the proposed Order Approving Plan of Allocation of Net Settlement Fund and proposed Order Awarding Attorneys' Fees and Litigation Expenses.

Dated:  April 6, 2022                    Respectfully submitted,

**SAXENA WHITE P.A.**

/s/ *David R. Kaplan*
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Hani Y. Farah (SBN 307622)
hfarah@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

-and-

Steven B. Singer

(appearing *pro hac vice*)
ssinger@saxenawhite.com
10 Bank Street, 8th Floor
White Plains, NY 10606
Tel: (914) 437-8551
Fax: (888) 631-3611

*Attorneys for Lead Plaintiffs the Atlanta Funds and Co-Lead Counsel for the Proposed Settlement Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ *Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

-and-

John J. Rizio-Hamilton
(appearing *pro hac vice*)
johnr@blbglaw.com
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Attorneys for Lead Plaintiff Baton Rouge and Co-Lead Counsel for the Proposed Settlement Class*