UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MERIT MEDICAL SYSTEMS, INC., SECURITIES LITIGATION | No. 8:19-cv-02326-DOC-ADS<br><br>**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES** |

This matter came on for hearing on April 13, 2022 (the "Settlement Hearing") on Lead Counsel's motion for attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 21, 2021 (ECF No. 105-1) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for attorneys' fees and Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel are hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund and $104,686.68 for Lead Counsel's litigation expenses (which

fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

5. In making this award of attorneys' fees and Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a) The Settlement has created a fund of $18,250,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement because of Lead Counsel's efforts;

   b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by Class Representatives, the two institutional investor Lead Plaintiffs which oversaw the prosecution and resolution of the Action;

   c) Copies of the Notice were mailed to over 25,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and Litigation Expenses in an amount not to exceed $250,000;

   d) There were no objections to the requested attorneys' fees and Litigation Expenses;

   e) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

   f) The Action raised a number of complex and novel issues;

   g) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Class Representatives and the other members of the Settlement Class may have recovered less or nothing from Defendants;

   h) Lead Counsel devoted over 6,550 hours, with a lodestar value of over $3.8 million, to achieve the Settlement; and

   i) The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.      Lead Plaintiffs City of Atlanta Police Officers' Pension Fund and City of Atlanta Firefighters' Pension Fund are hereby awarded $5,500.00 from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Settlement Class.

7.      Lead Plaintiff Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge is hereby awarded $3,392.01 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9.      Exclusive jurisdiction is hereby retained over the parties and Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 15TH day of April, 2022.

_David O. Carter_
Hon. David O. Carter
United States District Judge